## BUTLER v. MICHIGAN.

No. 16. Argued October 16, 1956.—Decided February 25, 1957.

*Manuel Lee Robbins* argued the cause for appellant. With him on the brief was *William G. Comb.*

*Edmund E. Shepherd,* Solicitor General of Michigan, argued the cause for appellee. With him on the brief were *Thomas M. Kavanagh,* Attorney General, and *Daniel J. O'Hara,* Assistant Attorney General.

Briefs of *amici curiae* supporting appellant were filed by *Horace S. Manges* for the American Book Publishers Council, Inc., *Osmond K. Fraenkel* for the Authors League of America, Inc., and *Erwin B. Ellmann* for the Metropolitan Detroit Branch, American Civil Liberties Union.

*John Ben Shepperd,* Attorney General, and *Philip Sanders,* Assistant Attorney General, filed a brief for the State of Texas, as *amicus curiae,* urging that the appeal be dismissed.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

This appeal from a judgment of conviction entered by the Recorder's Court of the City of Detroit, Michigan,

challenges the constitutionality of the following provision, § 343, of the Michigan Penal Code:

> "Any person who shall import, print, publish, sell, possess with the intent to sell, design, prepare, loan, give away, distribute or offer for sale, any book, magazine, newspaper, writing, pamphlet, ballad, printed paper, print, picture, drawing, photograph, publication or other thing, including any recordings, containing obscene, immoral, lewd or lascivious language, or obscene, immoral, lewd or lascivious prints, pictures, figures or descriptions, tending to incite minors to violent or depraved or immoral acts, manifestly tending to the corruption of the morals of youth, or shall introduce into any family, school or place of education or shall buy, procure, receive or have in his possession, any such book, pamphlet, magazine, newspaper, writing, ballad, printed paper, print, picture, drawing, photograph, publication or other thing, either for the purpose of sale, exhibition, loan or circulation, or with intent to introduce the same into any family, school or place of education, shall be guilty of a misdemeanor."

Appellant was charged with its violation for selling to a police officer what the trial judge characterized as "a book containing obscene, immoral, lewd, lascivious language, or descriptions, tending to incite minors to violent or depraved or immoral acts, manifestly tending to the corruption of the morals of youth." Appellant moved to dismiss the proceeding on the claim that application of § 343 unduly restricted freedom of speech as protected by the Due Process Clause of the Fourteenth Amendment in that the statute (1) prohibited distribution of a book to the general public on the basis of the undesirable influence it may have upon youth; (2) damned a book and

proscribed its sale merely because of some isolated passages that appeared objectionable when divorced from the book as a whole; and (3) failed to provide a sufficiently definite standard of guilt. After hearing the evidence, the trial judge denied the motion, and, in an oral opinion, held that ". . . the defendant is guilty because he sold a book in the City of Detroit containing this language [the passages deemed offensive], and also because the Court feels that even viewing the book as a whole, it [the objectionable language] was not necessary to the proper development of the theme of the book nor of the conflict expressed therein." Appellant was fined $100.

Pressing his federal claims, appellant applied for leave to appeal to the Supreme Court of Michigan. Although the State consented to the granting of the application "because the issues involved in this case are of great public interest, and because it appears that further clarification of the language of . . . [the statute] is necessary," leave to appeal was denied. In view of this denial, the appeal is here from the Recorder's Court of Detroit. We noted probable jurisdiction. 350 U. S. 963.

Appellant's argument here took a wide sweep. We need not follow him. Thus, it is unnecessary to dissect the remarks of the trial judge in order to determine whether he construed § 343 to ban the distribution of books merely because certain of their passages, when viewed in isolation, were deemed objectionable. Likewise, we are free to put aside the claim that the Michigan law falls within the doctrine whereby a New York obscenity statute was found invalid in *Winters* v. *New York*, 333 U. S. 507.

It is clear on the record that appellant was convicted because Michigan, by § 343, made it an offense for him to make available for the general reading public (and he in fact sold to a police officer) a book that the trial judge

found to have a potentially deleterious influence upon youth. The State insists that, by thus quarantining the general reading public against books not too rugged for grown men and women in order to shield juvenile innocence, it is exercising its power to promote the general welfare. Surely, this is to burn the house to roast the pig. Indeed, the Solicitor General of Michigan has, with characteristic candor, advised the Court that Michigan has a statute specifically designed to protect its children against obscene matter "tending to the corruption of the morals of youth." * But the appellant was not convicted for violating this statute.

We have before us legislation not reasonably restricted to the evil with which it is said to deal. The incidence of this enactment is to reduce the adult population of Michigan to reading only what is fit for children. It thereby

---

*Section 142 of Michigan's Penal Code provides:

"Any person who shall sell, give away or in any way furnish to any minor child any book, pamphlet, or other printed paper or other thing, containing obscene language, or obscene prints, pictures, figures or descriptions tending to the corruption of the morals of youth, or any newspapers, pamphlets or other printed paper devoted to the publication of criminal news, police reports, or criminal deeds, and any person who shall in any manner hire, use or employ such child to sell, give away, or in any manner distribute such books, pamphlets or printed papers, and any person having the care, custody or control of any such child, who shall permit him or her to engage in any such employment, shall be guilty of a misdemeanor."

Section 143 provides:

"Any person who shall exhibit upon any public street or highway, or in any other place within the view of children passing on any public street or highway, any book, pamphlet or other printed paper or thing containing obscene language or obscene prints, figures, or descriptions, tending to the corruption of the morals of youth, or any newspapers, pamphlets, or other printed paper or thing devoted to the publication of criminal news, police reports or criminal deeds, shall on conviction thereof be guilty of a misdemeanor."

arbitrarily curtails one of those liberties of the individual, now enshrined in the Due Process Clause of the Fourteenth Amendment, that history has attested as the indispensable conditions for the maintenance and progress of a free society. We are constrained to reverse this conviction.

*Reversed.*

MR. JUSTICE BLACK concurs in the result.