## CITY OF MIAMI BEACH v. BENNETT (No. 2).

No. 4933.

Circuit Court, Dade County, Criminal Appeal.

March 31, 1960.

J. Ben Watkins, Miami, for the appellants.

Joseph A. Wanick, City Attorney, Wilson C. McGee, Ass't. City Attorney, for the appellee.

JOHN W. PRUNTY, Circuit Judge.

Appellants were the original defendants in the municipal court of Miami Beach, charged with violating section 22.36, Code of the City of Miami Beach, 1950, as amended, commonly known as the "Obscene Literature" Ordinance, which reads as follows —

Sec. 22.36.   Indecent, immoral, etc., books, pictures, etc.

It shall be unlawful for any person to import, print, publish, exhibit, display, sell, distribute or audibly make known, within the city, any book, postcard, magazine, periodical, pamphlet, ballad, printed paper, steropticon, moving picture, musical record or device or other thing containing obscene, immoral or indecent language, or to import, print, publish, exhibit, display, sell or distribute any obscene, immoral or indecent print, figure, picture, music or description manifestly tending to corrupt the morals of youth, or to introduce into any family, school or place of education, or to buy, procure, receive or have in his possession any book, postcard, magazine, periodical, pamphlet, ballad, printed paper, steropticon slide or moving-picture film, musical record or device, or other thing either for the purpose of sale, exhibition, loan or circulation, or with the intent to introduce the same into any family, school or place of education. (Ord. No. 600, Sec. 1.)

The original cases were tried separately but contemporaneously in the trial court and the testimony of the several witnesses, including specifically the arresting officer, were stipulated to be the same in the various cases as that given in the title case, State of Florida, City of Miami Beach v. Bennett (No. 100577).

Each of the defendants was found guilty of violating the ordinance, each was fined $100 together with costs.

By stipulation of counsel approved by the court, it was agreed that these matters be consolidated for appeal, that one combined transcript of testimony and a single brief be filed on behalf

of all appellants and by the appellee, covering all four cases on appeal.

This consolidated appeal brings up the propriety of the conviction of all the defendants in the court below.

In essence, the appeal attacks the constitutionality of the ordinance involved, particularly in the following essentials —

(1) That the ordinance fails to establish a standard for the determination as to whether the books were in fact obscene or in violation of the ordinance, contrary to sections 12 and 13, Declaration of Rights, Florida constitution, and the first and fourteenth amendment to the federal constitution, and fails to enunciate ascertainable standards of guilt, thus depriving the persons charged of liberty without due process of law in violation of the state and federal constitutions.

(2) That the ordinance eliminates all requirements of "scienter" — thereby inhibiting the free flow of expression by speech and press in violation of the state and federal constitutions.

After reading and carefully considering the transcript of the testimony and the briefs of the parties, I have concluded that the ordinance in question violates provisions of both the state and federal constitutions, and must be stricken down upon the grounds raised by the appellants.

The standard for determining the obscenity of the literature involved, as set forth by the United States Supreme Court in Roth v. United States, 354 U.S. 476, 77 S. Ct. 1304, 1 L. Ed. 2d 1498, is lacking. Further, the test used in the city ordinance as defining obscenity to be anything "tending to corrupt the morals of youth" has already been declared improper and unconstitutional in State v. Tracey (Fla.), 102 So. 2d 386; Matthews v. State (Fla.), 99 So. 2d 568; and Butler v. Michigan, 352 U.S. 380, 77 S. Ct. 524, 1 L. Ed. 2d 412.

Also fatal is the requirement "scienter" in both the ordinance and in the testimony required to support the convictions. See Smith v. California, 4 L. Ed. 2d 205, in which the United States Supreme Court recently struck down a like ordinance of the City of Los Angeles which failed to provide for "scienter" on behalf of the defendant in order to convict him. See also Dennis v. United States, 341 U.S. 494, 95 L. Ed. 1137, and Lambert v. California, 355 U.S. 235, 78 S. Ct. 240, 2 L. Ed. 2d 228.

It is therefore considered, ordered and adjudged —

That section 22.36 of the Code of the City of Miami Beach adopted 1950, and Ordinance No. 600, section 1, upon which it was based, as it existed at the time of these convictions, are void, invalid, unconstitutional and of no force or effect.

That the judgments of conviction, sentences and penalties are reversed and set aside.

That the fines and penalties imposed upon each of the defendant-appellants are required to be returned to each of them forthwith.

That pursuant to the provisions of section 932.52(17), Florida Statutes 1959, all taxable costs paid and expended by each of the defendant-appellants are required to be repaid to each of them by the appellee, City of Miami Beach, through the attorney for the defendant-appellants for proper apportionment among them, which taxable costs are to be determined by the clerk of this court, and are hereby taxed in the sum of $586.80, to be inserted herewith by the clerk of this court upon the submission to him of an affidavit setting forth the amount of costs paid and expended by the defendant-appellants.