Burke, J. (dissenting).
Respondents in these cases have been convicted under section 484-h of the Penal Law of .selling allegedly obscene .pictures and publications to minors under 18 years of age. 'These are what are commonly known as “ girlie ” magazines. Under the decisions of the United States Supreme Court and of this court they would not be classified as obscene in the case of adults (Larkin v. Putnam’s Sons, 14 N Y 2d 399; People v. Revo, 15 N Y 2d 743, and cases cited). The question here is whether these publications can be held *315 to have been obscene when sold to 'children younger than 18 years old, under the alternative part of section 484-h, which was not before the court in People v. Bookcase, Inc. (14 N Y 2d 409). It was pointed out in that decision that the Legislative 'Committee on whose 1955 report the present section 484-h of the Penal Law was enacted had recommended in the previous year a 'statute which would have forbidden distribution to minors of material “ ' which, for a minor, is obscene, lewd, lascivious, filthy, indecent or disgusting ’. (Italics supplied.) ” The majority of the court pointed out (14 N Y 2d 416-417) that “ A recognition that printed material or pictures may be classified as obscene for minors which would not be so for adults would have been in ao'cord with statutes adopted in a number of other jurisdictions ’ ’ making reference to certain decisions and other legal publications. No question was presented in People v. Bookcase, Inc., of variable standards of obscenity as applied to different age groups, nor involving obscenity at all. The majority of the court was concerned exclusively with the portion of section 484-h which purported to prohibit the sale to minors of material ‘' which exploits, is devoted to, or is principally made up of descriptions of illicit sex or sexual immorality ’ ’. That part of the statute was held to be unconstitutional without passing upon the rest. The majority .of the court pointed out that the portion of section 484-h just quoted, and under which Bookcase, Inc., had been convicted, had no relation to material regarded as obscene for teenagers but unobjectionable to adults, and had nothing to do with whether variable standards could be set of what constitutes obscenity for different age or other type groups. They concluded: ‘ ‘ As has previously been stated, the portion of that section under which appellants have been convicted has nothing to do with obscenity. We do not have before us to decide whether ‘ Fanny Hill ’, having been held to be not obscene for adults, would be obscene for children under 18 years of age. Appellants, it may be repeated, have not been convicted of selling an obscene book to a minor, but one which is principally devoted to descriptions of illicit sex or sexual immorality, unrelated to whether the book is obscene. The People concede that no issue of .obscenity is before the court on this appeal ” (p. 417).
*316 On the appeals presently before us the People urge, in effect, that, even though the Legislature did not adopt the language which its Committee had earlier recommended referring to material “which, for a minor, is .obscene,” section 484-h as enacted should be interpreted as implying a definition of “ obscene ” which would mean what is obscene for the age group to which sales or other commercial distributions are prohibited. In other words, by prohibiting ¡commercial distribution of “obscene” material to persons under 18 years of age, the Legislature impliedly used the words ‘ ‘ obscene, lewd, lascivious, filthy, indecent or disgusting” with a different and broader meaning from that ascribed to them in section 1141 of the Penal Law which prohibits the distribution of such material to any person regardless of age.
The majority of the court pointed out in People v. Bookcase, Inc., .that ‘ ‘ Material which exploits, is devoted to, or is principally made up of descriptions of illicit sex or sexual immorality is distinguished, in section 484-h, from what is obscene by the use of the disjunctive ‘ or ’ ” (p. 414) and held the quoted part invalid. We were not called upon to construe or apply the remaining portions of that section. The opinion in Boohcase made clear that we were not ruling against the constitutionality of statutes designed .to apply a more restrictive standard of obscenity in the case of the young than would apply to adults.
In People ex rel. Alpha Portland Cement Co. v. Knapp (230 N. Y. 49, 60, 62-63) the court in an opinion written by Judge Cardozo said that “we have gone far in subdividing statutes, and sustaining them so far as valid ”. (Italics supplied.) The purpose and object of a statute is a matter which may properly be considered as an aid to its interpretation (People v. Ryan, 274 N. Y. 149, 152), and when that is determined the language must, if possible, be construed to make the intent effective (Skenandoa Rayon Corp. v. Halifax Fire Ins. Co., 245 App. Div. 279, 283 [Lewis, J.], affd. 272 N. Y. 457). For these reasons, and not withstanding that .the part of section 484-h of the Penal Law not passed upon in People v. Bookcase, Inc., does not expressly provide a different standard of obscenity for the young in forbidding the circulation among children of pictures and printed matter which is " obscene, lewd, lascivious, filthy, indecent or disgusting ’ ’, it seems to us that this must have *317 been the intention of the Legislature, and consequently that the magazines involved in these appeals could constitutionally be held to be obscene when addressed to that age group. “ Here, we start off with a limitation to children, a factor the absence of which was noted as controlling in Butler v. Michigan (352 U. S. 380, supra) and the presence of which turned the scales in Prince v. Massachusetts (321 U. S. 158).” Again “I find today’s use of the vagueness doctrine most disoriented and misapplied.” (People v. Bookcase, Inc., 14 N Y 2d 409, 422.) This is particularly so here because one of the United States Supreme Court opinions in Jacobellis v. Ohio (378 U. S. 184, 195) cited State v. Settle (90 R. I. 195) which upheld a statute with language identical to the language challenged here as an example of the sort of narrowly drawn legislation that best meets ‘ ‘ the legitimate and indeed exigent interest of States and localities throughout the Nation in preventing the dissemination of material deemed harmful to children.” (Jacobellis v. Ohio, supra, p. 195.)
In each appeal: The order of the Appellate Term should be reversed and the case remitted to the Appellate Term for its determination of the facts (Code Crim. Pro., § 543-a, subds. 2, 4; § 543-b).
Judges Dye, Van Voorhis and Bergan concur in Per Curiam opinion, Judge Fuld concurring in a separate opinion; Judge Burke dissents in an opinion in which Chief Judge Desmond and Judge Scileppi concur.
Orders affirmed.