George Tilzer, J.
Plaintiffs, a retail bookseller in New York City and its president, seek summary judgment in this action for a declaratory judgment, the purpose of which is to have adjudged invalid and unconstitutional sections 484-h and 484-i of the Penal Law, added by chapters 327 and 372 of the Laws of 1965. Defendants Broderick and Hogan cross-move for summary judgment dismissing the action.
In a prior proceeding herein (Bookcase, Inc. v. Broderick, 49 Misc 2d 351), the court denied plaintiffs’ motion for a temporary injunction, granted a cross motion by defendant Morton A. Hill to dismiss the complaint as against him and denied cross motions by the remaining defendants for the same relief. In reaching that prior determination, the court necessarily, and indeed expressly, held that an action for declaratory judgment *356 was .the appropriate proceeding to test the questions here involved and that plaintiffs had standing to bring such an action. Insofar as the defendants attempt to argue that declaratory relief is unavailable to these plaintiffs, the court rejects the argument as contrary to the law of the case.
The Penal Law sections under attack make criminal the sale of sexually offensive literature to persons under 17 and 18 years of age, respectively. Section 484-h of the Penal Law forbids the sale to a minor under the age of 17 of any book, magazine, photograph, etc., that depicts or contains descriptions of nudity, sexual conduct or sado-masochistic abuse and which is harmful to minors. (These words, including the phrase “ harmful to minors ” are explicitly defined in subdivision 1 of the statute.) Section 484-i of the Penal Law forbids the sale to minors under the age of 18 of any book, magazine, etc., containing descriptions of acts of sexual activities which would appeal to the lust or curiosity of such minors, excluding medical or biological textbooks. Violation of either statute is punishable as a misdemeanor. Plaintiffs particularize their attack upon these statutes by asserting their intention to continue to sell to customers of any age the book entitled, “ The Memoirs of a Woman of Pleasure ” by John Cleland (popularly known as “ Fanny Hill”) in the face of threatened prosecution under the challenged statutes. Plaintiffs concede that the book in question “ contains details, descriptions or narrative accounts of acts of sexual intercourse ” and “ is embraced within the scope and intendment of said statutes.”
These plaintiffs were the subject of a prosecution under former section 484-h which had a similar objective. The Court of Appeals reversed their conviction, holding that former section 484-h was unconstitutional on the ground that the law was too vague (People v. Bookcase, Inc., 14 N Y 2d 409). The Legislature, at the 1965 Session, sought to remedy the defects found by the Court of Appeals, with .the enactment of the present sections 484-h and 484-i.
Surprisingly, the plaintiffs have not here sought to test the success of the recent legislative efforts. There is no challenge here in terms of vagueness, “ variable obscenity “ scienter ” requirements, or any of the other recognized problem areas involved in the drafting of an obscenity statute. Bather, plaintiffs limit their challenge (and the scope of this court’s consideration) to one very narrow and basic question, to wit, whether these two statutes are invalid because they constitute an unconstitutional infringement upon the right of freedom of the press “in that the dissemination of literature may not he impaired *357 on the basis of the age of the purchaser(The court notes that a challenge to the constitutionality of section 484-i, in terms of specific deficiencies, such as vagueness, etc., is presently pending before the Appellate Term, First Department, in the case of People v. Tannenbaum, Jan. Term, No. 725.)
Plaintiffs argue that obscenity is the sole test of constitutionality here and that there cannot be variable standards of obscenity, one applying to adults, the other to minors. (The book in question was held not to be obscene in Larkin v. Putnam’s Sons, 14 N Y 2d 399.) These statutes are said to be unconstitutional because their prohibition of the sale of a book is based on the age of the purchaser whether or not the book is obscene. This argument was not urged in defense of the prior action (People v. Bookcase, Inc., supra). In view of the clear statements (albeit, dicta) in the relevant Court of Appeals and United States Supreme Court cases refuting this argument, the court wonders that plaintiffs now urge it as the sole basis for the requested constitutionality declaration. A reading of Butler v. Michigan (352 U. S. 380); Jacobellis v. Ohio (378 U. S. 184); People v. Bookcase, Inc. (14 N Y 2d 409) and People v. Kahan (15 N Y 2d 311) leads irresistably to the conclusion that a statute which prohibits the sale to minors of matter which is not obscene in the hands of adults, but which is deemed harmful to children, would (always assuming it was carefully drawn) he constitutional. Whether justification is sought by redefining obscenity in terms of its impact on the young so that there are in effect two standards of obscenity, or whether it is done without regard to the traditional legal concept, “ obscenity”, the State has a legitimate interest in preventing the dissemination of material deemed harmful to children. Contrary to plaintiffs’ assertions, the Federal Constitution, and specifically the First Amendment thereof, does not secure to children “ the same, almost absolute, right assured to adults to judge and determine for themselves what they may read and what they should reject ” (Fuld, J., concurring in People v. Kahan, supra, p. 312).
The plaintiffs’ “ constitutional ” right to make a profit may not take precedence over the legitimate and exigent power of the State to protect the welfare of its youth. “ A democratic society rests, for its continuance, upon the healthy, well-rounded growth of young people into full maturity as citizens, with all that implies. It may secure this against impeding restraints and dangers within a broad range of selection.” (Prince v. Massachusetts, 321 U. S. 158, 168.)
The court concludes that plaintiffs’ challenge to the constitutionality of sections 484-h and 484-i of the Penal Law based *358 solely upon the contention that the State cannot interfere with plaintiffs’ right to sell books on the basis of the age of the purchaser, is meritless.
Accordingly, plaintiffs’ motion for summary judgment is denied and defendants’ cross motion for summary judgment is granted.