**Leon J. GRANT and Walter F. Wissman, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 17865.**

United States Court of Appeals Ninth Circuit.

June 28, 1967.

Stanley Fleishman, Brock & Fleishman, Hollywood, Cal., for appellants.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief Crim. Div., David Y. Smith, Asst. U. S. Atty., Los Angeles, Cal., for appellee (on brief).

William M. Byrne, U. S. Atty., William D. Keller, Arthur I. Berman, Asst. U. S. Attys., Los Angeles, Cal., for appellee (argued).

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

CHAMBERS, Circuit Judge:

This appeal involves an appeal on convictions for using the mails to sell and distribute a collection of rotten books, alleged to be obscene. We characterize the books as obsessed with sex. If they have any literary merit, it is obscure. At best, they are junk.

But under First Amendment decisions that have piled up there does not seem to have been the leer accompanying them required by Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 969, 16 L.Ed.2d 31, to uphold the convictions. The books in this case are obviously about the same as dealt with in Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515; Keney v. New York, 388 U.S. 440, 87 S.Ct. 2091, 18 L.Ed.2d 1302; Friedman v. New York, 388 U.S. 1303, 87 S.Ct. 2091, 18 L.Ed.2d 1303; Ratner v. California, 388 U.S. 442, 87 S.Ct. 2092, 18 L.Ed.2d 1304; Aday v. United States, 388 U.S. 447, 87 S.Ct. 2095, 18 L.Ed.2d 1309; Books, Inc. v. United States, 388 U.S. 449, 87 S.Ct. 2098, 18 L.Ed.2d 1311; Corinth Publications, Inc. v. Wesberry, 388 U.S. 448, 87 S.Ct. 2096, 18 L.Ed.2d 1310; Avansino v. New York, 388 U.S. 446, 87 S.Ct. 2093, 18 L.Ed.2d 1308; Rosenbloom v. Virginia, 388 U.S. 450, 87 S.Ct. 2095, 18 L.Ed.2d 1312; Cobert v.

749

New York, 388 U.S. 443, 87 S.Ct. 2092, 18 L.Ed.2d 1305; Sheperd v. New York, 388 U.S. 444, 87 S.Ct. 2093, 18 L.Ed.2d 1306; Quantity of Copies of Books v. Kansas, 388 U.S. 452, 87 S.Ct. 2104, 18 L.Ed.2d 1314.*

The judgments of conviction are reversed. The indictment will be dismissed.

---

* Some indication of the proscriptions left may be in the following extract from *Redrup*, supra, wherein it is said:

"In none of the cases was there a claim that the statute in question reflected a specific and limited state concern for juveniles. See Prince v. Commonwealth of Massachusetts, 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645; cf. Butler v. State of Michigan, 352 U.S. 380, 77 S.Ct. 524, 1 L.Ed.2d 412. In none was there any suggestion of an assault upon individual privacy by publication in a manner so obtrusive as to make it impossible for an unwilling individual to avoid exposure to it. Cf. Breard v. City of Alexandria, 341 U.S. 622, 71 S.Ct. 920, 95 L.Ed. 1233, 35 A.L.R.2d 335; Public Utilities Comm'n of District of Columbia v. Pollak, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068. And in none was there evidence of the sort of 'pandering' which the Court found significant in Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31."