**UNITED STATES of America**

**v.**

**4,400 COPIES OF MAGAZINES, Including 200 copies each of Magazines ENTITLED "COVER GIRL" Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16; AND "EXCITING" Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.**

**Civ. No. 18966.**

United States District Court
D. Maryland.
Dec. 21, 1967.

Secretary or his delegate, to the beneficiaries succeeding to the property of the estate or trust."

by that section. The magazines are now in the custody of the District Director of Customs in Baltimore.

Tomcat Distributing Company, claimant, the consignee of the magazines, has moved to dismiss the complaint on the ground that the "magazines are not obscene as a matter of law, and thus protected under the Constitution of the United States".

The magazines involved in the present case are lewder than any magazines heretofore considered by this Court, including the magazine "Exclusive", appeal more blatantly to the prurient interest of the average man or boy, and go further beyond the prevailing standards of candor. They have no social value. They are clearly obscene in the ordinary sense of the word, and in the legal sense, unless their dissemination is protected by the First Amendment, which must be considered in determining legal obscenity.

In the case involving the magazine "Exclusive", Central Magazine Sales v. United States, 389 U.S. 50, 88 S.Ct. 235, 19 L.Ed.2d 49 (October 23, 1967), the Supreme Court, citing only Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967), reversed the decision of the Fourth Circuit, 373 F.2d 633, which had held the magazine to be obscene.[2]

In Redrup v. New York, the Supreme Court said, 386 U.S. at 769, 87 S. Ct. at 1415:

"In none of the cases was there a claim that the statute in question reflected a specific and limited state concern for juveniles. See Prince v. [Com. of] Massachusetts, 321 U.S. 158 [64 S. Ct. 438, 88 L.Ed. 645]; cf. Butler v. [State of] Michigan, 352 U.S. 380 [77 S.Ct. 524, 1 L.Ed.2d 412]. In none was there any suggestion of an assault upon

Stephen H. Sachs, U. S. Atty., and Clarence E. Goetz, Asst. U. S. Atty., Baltimore, Md., for complainant.

Robert Eugene Smith, Baltimore, Md., for claimant, Tomcat Distributing Company.

Before THOMSEN, Chief Judge, and WATKINS, NORTHROP, KAUFMAN and HARVEY, District Judges.

PER CURIAM:

In this proceeding under section 305 of the Tariff Act of 1930, 19 U.S.C.A. § 1305, the government seeks condemnation and forfeiture of 200 copies each of 22 magazines[1] imported from Denmark, on the ground that they are obscene material, the importation of which is prohibited

---

1. Entitled respectively "COVER GIRL" Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16; and "EXCITING" Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16.

2. The "Exclusive" case was one of a series in which the Supreme Court ruled that various publications which had been held

to be obscene by State or Federal Courts were entitled to the protection of the First Amendment. Since that series of cases, a conviction based on the sale of a magazine nearly as lewd as the magazines involved herein, has been reversed. People v. Noroff, Cal., 63 Cal.Rptr. 575, 433 P.2d 479 (1967).

individual privacy by publication in a manner so obtrusive as to make it impossible for an unwilling individual to avoid exposure to it. Cf. Breard v. [City of] Alexandria, 341 U.S. 622 [71 S.Ct. 920, 95 L.Ed. 1233] * * *. And in none was there evidence of the sort of 'pandering' which the Court found significant in Ginzburg v. United States, 383 U.S. 463 [86 S.Ct. 942, 16 L.Ed.2d 31]."

It appears, therefore, that persons to whom the magazines will be offered commercially, and the methods by which they will be offered, are factors to be considered in determining whether their dissemination is protected by the First Amendment.

Since the magazines involved in the present case have not yet been admitted into the United States, we cannot be sure how they will be marketed—(a) whether they will be sold to juveniles, either by mail solicitation or over the counter, (b) whether they will be offered for sale in a manner so obtrusive as to make it impossible for an unwilling individual to avoid exposure to them, and (c) whether they will be offered for sale in a manner which will amount to pandering.

■ This Court is, therefore, of the opinion that it cannot order the condemnation and forfeiture of these magazines at this time. On the other hand, this Court is of the opinion that if the magazines involved in this case are sold to juveniles, or are offered for sale in a manner so obtrusive as to make it impossible for an unwilling individual to avoid exposure to them, or if they are offered for sale in a manner which amounts to pandering within the principles stated in Ginzburg v. United States, 383 U.S. 463 at 465–466, 467, 470–471, 474–476, 86 S.Ct. 942, 16 L.Ed.2d 31, they would not be entitled to the protection of the First Amendment. See Donnenberg v. State, 1 Md.App. 591, 232 A.2d 264, 271 (1967).

Claimant's motion to dismiss must be granted. The Court will enter an appropriate order.