UNITED STATES of America,
Appellee,

v.

Robert BARANOV, Appellant.

UNITED STATES of America,
Appellee,

v.

Harvey B. LEVITT, Appellant.

UNITED STATES of America,
Appellee,

v.

H. B. LEVITT & ASSOCIATES, INC.,
Appellant.

Nos. 23198, 23199 and 23209.

United States Court of Appeals
Ninth Circuit.

Nov. 28, 1969.

Norman R. Atkins (argued) of Atkins & Jacobson, Beverly Hills, Cal., for appellant.

Phillip Johnson (argued), Asst. U. S. Atty., Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY and ELY, Circuit Judges, and BYRNE, District Judge.*

HAMLEY, Circuit Judge:

The three named defendants were convicted, after a jury trial, on eight counts of an indictment charging them with knowing use of the mails for carriage of obscene non-mailable matter, in violation of 18 U.S.C. § 1461. They were also convicted at the same trial on eight counts charging them with knowing use of the mails for the carriage of non-mailable matter containing advertisements giving information as to where obscene matter might be obtained, also in violation of section 1461.

The matter found to be obscene consisted for the most part of printed booklets containing photographs and illustrations pertaining to nudity, masochism, flagellation, and lesbianism, together with accompanying text material. One count pertained to a phonograph record entitled "Tortura, the Sounds of Pain and Pleasure."

Defendants' primary argument on this appeal is that the materials in question are not obscene or unlawful when considered against proper constitutional standards.[1] This contention involves the

---

* The Honorable William F. Byrne, Senior United States District Judge for the Central District of California, sitting by designation.

1. On appeal defendants also presented the following arguments: (1) The Government produced no evidence that the materials affront contemporary national standards relating to the description or representation of sexual matters; (2) the Government prosecutor was guilty of prejudicial misconduct at the trial in reading from exhibits during cross-examination without asking questions concerning the items read; (3) the trial court failed to conform to Rule 30, Federal Rules of Criminal Procedure, when it omitted from an instruction material which the court had previously advised counsel should be included; (4) the trial court erroneously told the jury that the materials were obscene if, in the judgment of the jury, " * * * they offend the common conscience of the community by present-day standards * * * "; (5) the trial court erred in permitting the prosecution to read from the materials piecemeal and not as a whole; (6) the trial court erred in refusing to permit defendants to offer evidence of United States Supreme Court rulings on comparable material; and (7) the evidence does not support a finding that defendants knew the materials to be obscene.

Free Speech Guaranty of the First Amendment to the United States Constitution.

■ As initially stated in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), and adhered to in A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Com. of Massachusetts, 383 U.S. 413, 418, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966), obscenity in the constitutional sense does not exist unless the material in question meets all three requirements of a three-pronged test. As stated in *Memoirs*, the elements of that test are as follows:

> "(a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value." 383 U.S. at 418, 86 S.Ct. at 977.

■ In a close case, evidence of pandering may be considered in determining whether any or all of these elements of the test have been met. Ginzburg v. United States, 383 U.S. 463, 470–476, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966).[2] Pandering, in this context, is the business of purveying textual or graphic matter openly advertised to appeal to the erotic interest of the purveyor's customers. *Ginzburg* at 467, 86 S.Ct. 942.

At the outset of the trial the Assistant United States Attorney who tried the case stated that he and defendants' counsel were in agreement that " * * * there is no case without pandering." In further explanation of his position, the prosecutor stated that the reason the materials are obscene " * * * is because of the pandering element involved in this case * * *." Later, during the first morning of the trial, Government counsel told the trial court that the materials in question "became obscene when pandered." Government counsel also expressly stipulated in open court that the photographic and textual materials pertaining to bondage and flagellation are not obscene "to the averge person."

We need not decide whether the Government was well-advised in so limiting the scope of its case. The fact is that it did so, and in presenting their defense, defendants were entitled to rely thereon. Thus the trial proceeded on the agreed proposition that because of uncertainty as to whether the three enumerated requirements of the obscenity test had been met, the Government could prevail only if there was sufficient evidence of pandering to resolve all ambiguity and doubt against defendants. See Ginzburg v. United States, 383 U.S. 463, 470, 86 S.Ct. 942, 16 L.Ed.2d 31.

■ We find very little evidence of pandering in the record; certainly nothing approaching the evidence of that kind which tipped the scales in favor of conviction in *Ginzburg*. We are therefore compelled to conclude that, in view of the Government's concessions and stipulation at the outset of the trial, the record before us does not support a jury determination in this case that the materials here in question are obscene in the constitutional sense.

In reaching this conclusion we have been guided by several recent decisions of the Supreme Court which indicate what types of activities do not constitute pandering in the *Ginzburg* sense. In one of these decisions, Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1966), the court reversed a conviction involving the sale of allegedly obscene materials. The publications in question were displayed openly at a news stand. The court held that the mere display and sale of marginally obscene materials does not constitute the sort of pandering which the Court found significant in *Ginzburg*. *Redrup* at 769, 87 S.Ct. 1414.

Other activities which the Supreme Court evidently does not consider to be

---

2. See also, Mishkin v. New York, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966).

pandering are demonstrated in a series of one-sentence reversals citing *Redrup* as authority. Aday v. United States, 388 U.S. 447, 87 S.Ct. 2095, 18 L.Ed.2d 1309 (1967) reversing sub. nom. United States v. West Coast News Company, 357 F.2d 855 (6th Cir. 1966) (references in allegedly obscene book to other books available from the same publisher containing prurient materials); Books, Inc. v. United States, 388 U.S. 449, 87 S.Ct. 2098, 18 L.Ed.2d 1311 (1967) reversing 358 F.2d 935 (1st Cir. 1966) (lurid pictures and text on front and back covers of allegedly obscene book); Potomac News Co. v. United States, 389 U.S. 47, 88 S.Ct. 233, 19 L.Ed.2d 46 (1967) reversing 373 F.2d 635 (4th Cir. 1967) (purveyor intended to distribute the magazine among male homosexuals at a mark-up from twenty-four cents to five dollars a copy.)[3]

In Grant v. United States, 380 F.2d 748 (9th Cir.1967) we reversed a conviction under section 1461, citing as authority ten recent Supreme Court decisions in which state court judgments in obscenity cases were also reversed in one-sentence opinions citing *Redrup*. There may now be added to that list eight more recent decisions which are cited in the margin.[4]

Under the special circumstances of this case, as described above, and in the light of the controlling Supreme Court decisions which we have cited, we hold the convictions of defendants under 18 U.S.C. § 1461 cannot stand. Therefore, without reaching any additional arguments advanced by defendants on this appeal (see note 1), we reverse the judgments and remand the cause for dismissal of the indictment.

---

3. For additional federal cases see Central Magazine Sales, Ltd. v. United States, 389 U.S. 50, 88 S.Ct. 235, 19 L.Ed.2d 49 (1967), reversing 373 F.2d 633 (4th Cir. 1967) and Luros v. United States, 389 F.2d 200 (8th Cir. 1968).

4. Mazes v. Ohio, 388 U.S. 453, 87 S.Ct. 2105, 18 L.Ed.2d 1315 (1967); Schackman v. California, 388 U.S. 454, 87 S.Ct. 2107, 18 L.Ed.2d 1316 (1967); Conner v. City of Hammond, 389 U.S. 48, 88 S.Ct. 234, 19 L.Ed.2d 47 (1967); Chance v. California, 389 U.S. 89, 88 S.Ct. 253, 19 L.Ed.2d 256 (1967); I. M. Amusement Corp. v. Ohio, 389 U.S. 573, 88 S.Ct. 690, 19 L.Ed.2d 776 (1968); Robert-Arthur Management Corp. v. Tennessee ex rel. Canale, 389 U.S. 578, 88 S.Ct. 691, 19 L.Ed.2d 777 (1968); Felton v. City of Pensacola, 390 U.S. 340, 88 S.Ct. 1098, 19 L.Ed.2d 1220 (1968); and Henry v. Louisiana, 392 U.S. 655, 88 S.Ct. 2274, 20 L.Ed.2d 1343 (1968).