**BROADWAY DISTRIBUTORS, INC.,** Book Nest Inc., Kozy Book Store, Hub Book Mart Inc., Literature Inc., 200 Book Club Inc., and Mary Gallarelli, and Charles Ferro

v.

Honorable Kevin **WHITE** et al.

The **BOOK MART, INC.,** a Massachusetts Corporation, Charles Ferro, Jr., and Warren Smoke Shop, Inc., a Massachusetts Corporation

v.

Kevin **WHITE,** Individually, and as Mayor of the City of Boston, Edmund L. McNamara, Individually, and as Police Commissioner of the City of Boston, and the City of Boston, a municipal corporation.

Civ. A. Nos. 69–1025, 69–1040.

United States District Court
D. Massachusetts.

Jan. 14, 1970.

John A. Pino, Pino, Busconi & Bonaccorso, Boston, Mass., Robert Eugene Smith, Towson, Md., Alvin Pudlin, Pudlin & Silver, New Britian, Conn., Victor L. Hatem, Lawrence, Mass., for plaintiffs.

John A. Fiske, H. Erik Lund and Noel G. Posternak, Burns & Levinson, Boston, Mass., for defendants.

### MEMORANDUM OF OPINION

FRANCIS J. W. FORD, District Judge.

These are two actions to enjoin the enforcement of an ordinance of the City of Boston, and, in C.A. 69–1040–F, for a declaratory judgment that said ordinance is unconstitutional. The ordinance, Chapter 4, Sections 1 and 2, Ordinances of 1969, was passed by the City Council on April 28, 1969, was vetoed by the Mayor on May 16, 1969 and passed by the Council, over the Mayor's veto, on May 27, 1969. It became effective on September 1, 1969.[1]

---

1. A transcript of the hearings before the Councils' Committee on Ordinances and Resolutions prior to Council action on this ordinance has been introduced in evidence in this case.

Section 1 of the ordinance adds three sections, 23A, 23B and 23C to Chapter 28 of the Revised Ordinances of. 1961. These sections read as follows:

"Section 23A. On and after September first, nineteen hundred and sixty-nine, no person shall in any year keep a shop for the barter, rental or sale of printed matter or motion picture film if such shop is not open to the public generally but only to one or more classes of the public excluding minors under eighteen years of age unless in such year or in the preceding December for such year such person has registered with the city clerk as provided in section twenty-three B and the number assigned to him upon such registration is clearly and conspicuously imprinted on all printed matter and motion picture films in such shop; nor shall any person keeping a shop for the barter, rental or sale of printed matter or motion picture film in any year keep a part of his stock segregated as available only to one or more classes of the public excluding minors under eighteen years of age unless in such year or in the preceding December for such year such person has registered with the city clerk as provided in section twenty-three B and the number assigned to him upon such registration is clearly and conspicuously imprinted on such printed matter or motion picture film.

"Section 23B. Any person desiring that a registration number be assigned to him for the purpose of section twenty-three A shall make application therefor to the city clerk in a writing setting forth:—(1) his name and place of residence, (2) the address of such shop or place, (3) the names and places of residence of all persons having a financial interest in the business, and (4) the names and business addresses of all persons supplying the printed matter or motion picture film to be offered for barter, rental or sale. Any person making application as aforesaid shall from time to time during the year as circumstances change file supplementary writings with the city clerk setting forth such changes. Unless subsequent to the effective date of section twenty-three A, the applicant has violated section twenty-eight or section twenty-eight A of chapter two hundred and seventy-two of the General Laws and been finally adjudged guilty of such violation, the city clerk shall assign to the applicant a registration number.

"Section 23C. Whoever violates any provision of section twenty-three A, or whoever makes a false or fraudulent representation in making an application under section twenty-three B, or whoever neglects or fails to file supplementary writings as required by section twenty-three B shall be subject to a fine of fifty dollars for each day on which such violation continues."

Section 2 establishes a fee of $5.00 for registration under Section 23B.

Plaintiffs in these two actions are persons engaged in the retail sale of books in stores where the whole or part of the store is restricted to sales to "Adults Only". They have not registered as required by the ordinance. The officials of the Boston Police Department have announced their intention to enforce the ordinance and a criminal complaint has been brought against at least one book seller for failure to register.

Plaintiffs' contention is that the ordinance is invalid as infringing their rights under the First, Fifth, Sixth and Fourteenth Amendments to the Constitution.

Any ordinance purporting to regulate the sale or distribution of books and similar materials must, of course, be subject to careful scrutiny to insure that it does not by imposition. of an impermissible prior restraint infringe upon the rights of free expression protected by the First Amendment's guarantees of freedom of speech and freedom of the press.

The Boston ordinance involved here is not, as defendants point out, strictly a licensing ordinance. While plaintiffs and others who desire to carry

on business in the same manner as plaintiffs must register and obtain a registration number before engaging in business, it is true that in general the ordinance does not confer on the city clerk any discretionary power to reject a registration. With one exception, any person filing the proper application and paying the required fee is entitled to be registered. Nevertheless, the ordinance does impose certain definite restrictions on plaintiffs and others similarly situated of the same nature as those which have been held to constitute invalid prior restraints.[2]

First of all, the ordinance denies the right to register, and consequently the right to engage in this type of business to any person who after the effective date of the ordinance has been convicted of a violation of Mass.G.L. ch. 272, Section 28 or Section 28A. This provision is analogous to the perpetual injunction against future publishing because of prior violations which was held unconstitutional in Near v. Minnesota, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357.

The ordinance requires an applicant for registration to identify in his application all persons having a financial interest in his business and also all his suppliers of printed matter and motion picture films. This imposes a requirement of disclosure which is not imposed on businesses generally in Massachusetts. Moreover, it clearly constitutes a requirement which has a substantial deterrent effect on the free exercise of First Amendment rights which cannot be justified without a substantial showing of the necessity for such restriction. Talley v. California, 362 U.S. 60, 80 S.Ct. 536, 4 L.Ed.2d 559; Bates v. City of Little Rock, 361 U.S. 516, 80 S.Ct. 412, 4 L.Ed.2d 480; N.A.A.C.P. v. Alabama, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488.

A further burden, not imposed on retail sellers generally, and which may have a deterrent effect on the exercise of First Amendment rights is found in the requirement that the assigned registration number must be clearly and conspicuously imprinted on all printed matter or films sold or held in stock by him.

■■■ Defendants contend that these restrictions can be justified by the overriding interest of the city in preventing the distribution, particularly to minors, of obscene literature. Obscenity, as such, is not within the area of protected speech or press. Roth v. United States, 354 U.S. 476, 485, 77 S.Ct. 1304, 1 L.Ed.2d 1498. The distribution of certain materials in certain circumstances may be banned. Greater latitude in defining obscenity is permissible when sale or distribution to minors is involved. Ginsberg v. New York, 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195. As to some books and materials, therefore, sale to adults can be a constitutionally protected activity, while sale of the same materials to minors may be barred and punished. Obviously what plaintiffs purport to do in adopting their "Adults Only" type of operation is to engage in their constitutional right to make sales to adults while avoiding any difficulty with the law which might properly forbid sale of the same materials to minors. The testimony of police officials at the City Council hearings indicates that these stores do in fact adhere to their stated purpose of not selling to minors.

The primary problem to which the City Council addressed itself in passing this ordinance is the fact that some of this obscene material does find its way into the hands of minors. There is no evidence that these plaintiffs sell directly to minors. Of course any adult can lawfully buy such materials from plaintiffs and pass it on to minors. Plaintiffs indeed may be knowingly implicated in such transactions, but there is no proof of the fact. It is at least equally likely that the contrary is true. Plaintiffs have no control over what disposition a customer may ultimately make of what

2. There is no merit to the contention that prior restraint applies only to restraint before publication and not to restraint on distribution. Lovell v. City of Griffin, 303 U.S. 444, 452, 58 S.Ct. 666, 82 L.Ed. 949.

he buys from them, and do not necessarily have any knowledge of what he intends to do with it.

As has been said, within constitutional limits, the distribution of obscene materials to minors may be forbidden. But laws to effect this result must be carefully and narrowly drawn so as to effect their object without infringing on constitutionally protected rights. The defects of the ordinance under consideration are that it does not attack the problem directly, but approaches it tangentially with the result that it is vague, overbroad and of doubtful value as a solution of the problem.

Massachusetts already has in its books criminal statutes which would seem to provide adequately, to the extent that the Constitution permits, for the punishment of those shown to have sold obscene materials either to adults (Mass. G.L. Ch. 272, Sections 28A, 28B) (Cf. Commonwealth v. Johnson, 1969 Mass. Ad.Sh. 824, 247 N.E.2d 701, cert. denied, 396 U.S. 990, 90 S.Ct. 478, 24 L.Ed.2d 452) or to minors, Ch. 272, Section 28.

Defendants contend that the ordinance should be upheld as a legitimate device to aid in the enforcement of these statutory provisions by providing information and identification. However, it is difficult to see how the ordinance can be of such substantial value in this respect as to justify the curtailment of plaintiffs' constitutional liberties. The mere fact of registration adds nothing, since plaintiffs are doing business openly and can easily be known. The requirement of imprinting a registration number has a doubtful purpose. If it is intended as a device for tracing books found in the hands of minors back to plaintiffs as a step toward charging plaintiff with knowing complicity in the unlawful distribution of these books, then it clearly requires plaintiffs as a condition of doing business to furnish a link in the prospective chain of evidence to be assembled against them, in violation of their constitutional right against self-incrimination. If plaintiffs are not implicated in the illegal distribution, merely establishing that a particular book illegally sold or distributed by someone came ultimately from the shop of one of the plaintiffs does nothing to establish the identity of the real culprit. Similarly it is not clear how the identification of persons with a financial interest in plaintiffs' businesses, or of their suppliers would contribute appreciably to the elimination of the sales to minors with which the city is concerned.

■ The city undoubtedly has a legitimate interest in protecting minors from literature harmful to them. But it can do so only by legislation "reasonably restricted to the evil with which it is said to deal." Butler v. Michigan, 352 U.S. 380, 383, 77 S.Ct. 524, 526, 1 L.Ed.2d 412. The present ordinance is not such legislation. It is not aimed directly at the real evil. It seeks to accomplish its end by the imposition of restrictions which are of doubtful utility for the accomplishment of its purported purpose, and which in any event seek to impose on plaintiffs a prior restraint on their conduct of their businesses so far as they are constitutionally protected. It seeks not only to deter plaintiffs from acts which the state statutes can constitutionally forbid, but also from activity which the First Amendment protects. Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 83 S.Ct. 631, 9 L.Ed.2d 584.

■ The conclusion must be that the ordinance on its face and in all its parts is invalid as a prior restraint on the rights of the plaintiffs under the First Amendment as made applicable by the Fourteenth Amendment.

Injunctions will issue as prayed for in plaintiff's complaints.