Terrance McCUE et al., Plaintiffs,

v.

CITY OF RACINE et al., Defendants.

Jerome J. RUETZ, Jr., et al., Plaintiffs,

v.

Kenneth HUCK et al., Defendants.

Civ. A. Nos. 70–C–691, 70–C–694.

United States District Court,
E. D. Wisconsin.

Dec. 29, 1972.

William D. Whitnall, Racine, Wis., for plaintiffs McCue and Kuipuo.

Victor C. Cairo, Racine, Wis., for plaintiffs Ruetz and Young.

Edward Krenzke, Deputy City Atty., Racine, Wis., for defendants.

## MEMORANDUM DECISION
## AND ORDER

REYNOLDS, District Judge.

On January 19, 1971, and again on July 28, 1971, 330 F.Supp. 466, this court temporarily restrained the enforcement of certain ordinances of the City of Racine; namely, §§ 24.165(4) (h) (bar girls), (4)(k) (dress code), and 25.01 (disorderly conduct). More specifically § 24.165(4)(k), the ordinance now in question, prohibited nudity by entertainers in taverns operating under a Class B retail liquor license which allows liquor to be sold by the drink. Violation of the ordinance subjects a tavern owner to prosecution, fine, and revocation of his license. Defendants have moved to vacate the temporary restraining order in light of the recent Supreme Court decision of California v. LaRue, —— U.S. ——, 93 S.Ct. 390, 34 L.Ed.2d 342 (decided Dec. 5, 1972). I grant that motion.

Since § 24.165(4)(k) was overbroad in that its language would prohibit activity i. e., dancing and nudity which under some circumstances is protected by the First Amendment, Schacht v. United States, 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970); Manual Enterprises v. Day, 370 U.S. 478, 82 S. Ct. 1432, 8 L.Ed.2d 639 (1962); Sunshine Book Co. v. Summerfield, 355 U.S. 372, 78 S.Ct. 365, 2 L.Ed.2d 352 (1958), I concluded that under the then existing law the ordinance was probably unconstitutional. Speiser v. Randall, 357 U.S. 513, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958); Butler v. Michigan, 352 U.S. 380, 77 S.Ct. 524, 1 L.Ed.2d 412 (1956). I thus restrained its enforcement without deciding whether a narrower ordinance could constitutionally prohibit the particular conduct engaged in by the plaintiff dancers. Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964); NAACP v. Button, 371 U. S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); Kunz v. New York, 340 U.S. 290, 71 S.Ct. 312, 95 L.Ed. 280 (1951). Indeed, the past law led all parties to focus on the ordinance itself rather than the conduct of the plaintiffs.

On December 5, 1972, the United States Supreme Court decided LaRue v. California, supra, the decision which prompts this order. The Court held that a regulation which, like the ordinance here, prohibited nude entertainment in taverns operated under liquor licenses was constitutional, even though the regulation prohibited some entertainment which was constitutionally protected. As Justice Marshall noted in dissent, this was a "startling" shift from the court's past approach to overbroad regulations.

That shift in approach has altered the plaintiffs' probability of success in this case. The very language of the California regulation upheld by the Supreme Court in *LaRue* refutes plaintiffs' contention that the decision only applies to acts of gross sexuality and not to nudity or nude dancing per se. Rule 143.3 of the California Department of Alcoholic Beverage Control provided in relevant part:

"(1) No licensee shall permit any person to perform acts of or acts which simulate:

\*    \*    \*    \*    \*    \*

"(c) The displaying of the pubic hair, anus, vulva or genitals.

*   *   *   *   *   *

"No licensee shall permit any person to remain in or upon the licensed premises who exposes to public view any portion of his or her genitals or anus."

Whatever I believe to be the proper constitutional approach to such regulations, in light of the Supreme Court's opinion I can no longer find that § 25.165(4)(k) of the Racine ordinance is probably unconstitutional. As this case, like others before it and others sure to come, indicates, even the ability of judges to protect the rights of a minority will in our system of government eventually turn upon the tolerance and circumspection of the majority.

The decision in *LaRue* left plaintiffs and others in their position with a right to relief only if they can show that none of the conduct to which the ordinance was or will be applied is obscene. The difficulty plaintiffs will encounter in shouldering this burden in light of the attitudes expressed by the majority in *LaRue* is considerable. As yet, plaintiffs have not shown a probability of success.

In enforcing its ordinance Racine must, of course, follow fair procedures. Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). As counsel are aware, a three-judge court in this·district has recently considered the particular procedures necessary for revocation of a liquor license. Misurelli v. City of Racine (Go-Go of Racine, Inc. v. City of Racine; Robers v. City of Racine), 346 F.Supp. 43 (E. D.Wis.).

For the reasons stated above,

It is hereby ordered that the temporary restraining orders of January 19, 1971 and July 28, 1971, insofar as they relate to § 24.165(4)(k) of the Municipal Code of the City of Racine be and they hereby are vacated.