SABLE COMMUNICATIONS OF
CALIFORNIA, INC., etc.,
Plaintiff,

v.

FEDERAL COMMUNICATIONS
COMMISSION, et al.,
Defendants.

No. CV 88–3353 AWT.

United States District Court,
C.D. California.

July 19, 1988.

Richard K. Simon, Lee L. Blackman, Lucia E. Coyoca, McDermott, Will & Emery, Los Angeles, Cal., Lawrence E. Abelman, Norman S. Beier, Abelman, Frayne, Rezac & Schwab, New York City, for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Robert C. Bonner, U.S. Atty., Los Angeles, Cal., Theodore C. Hirt, Robert C. Chesnut, Attys., Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM DECISION

TASHIMA, District Judge.

## BACKGROUND

Effective July 1, 1988, 47 U.S.C. § 223(b) was amended by the Telephone Decency Act to provide:

(1) Whoever knowingly

(A) in the District of Columbia or in interstate or foreign communication, by means of telephone, makes (directly or by recording device) any obscene or indecent communication for commercial purposes to any person; or

(B) permits any telephone facility under such person's control to be used for any activity prohibited by subparagraph (A), shall be fined not more than $50,000 or imprisoned not more than six months, or both.

(2) In addition to the penalties under paragraph (1), whoever, in the District of Columbia or in interstate or foreign communication, intentionally violates paragraph (1)(A) or (1)(B) shall be subject to a fine of not more than $50,000 for each violation. For purposes of this paragraph, each day of violation shall constitute a separate violation.

(3)(A) In addition to the penalties under paragraphs (1) and (2), whoever in the District of Columbia or in interstate or foreign communication, violates paragraph (1)(A) or (1)(B) shall be subject to a civil fine of not more than $50,000 for each violation. For purposes of this paragraph, each day of violation shall constitute a separate violation.

(B) A fine under this paragraph may be assessed either—

(i) by a court, pursuant to a civil action by the Commission or any attorney employed by the Commission who is designated by the Commission for such purposes, or

(ii) by the Commission after appropriate administrative proceedings.

(4) The Attorney General may bring a suit in the appropriate district court of the United States to enjoin any act or practice which violates paragraph (1)(A)

or (1)(B). An injunction may be granted in accordance with the Federal Rules of Civil Procedure.

Plaintiff, a major purveyor of 976 IAS dial-a-porn messages, has moved for a preliminary injunction (the parties having stipulated that pending the hearing, defendants will not enforce § 223(b) against plaintiff).

A concrete controversy exists. *See Sable Communications, Inc. v. FCC*, 827 F.2d 640 (9th Cir.1987) (addressing challenge to pre-amended § 223(b)). In fact, plaintiff has been "chilled"—it has "softened" its messages. Since invasion of First Amendment rights is at issue, plaintiff has unquestionably met the irreparable injury requirement. *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2689, 49 L.Ed. 2d 547 (1976).

### INDECENT SPEECH

What is at issue is the breadth to be given to *FCC v. Pacifica Found.*, 438 U.S. 726, 98 S.Ct. 3026, 57 L.Ed.2d 1073 (1978). The Court concludes that *Pacifica* does not reach § 223(b); thus, that in the final analysis the statute in its present form is overbroad and unconstitutional, at least insofar as it applies to "indecent" communications.

First, *Pacifica* itself emphasized its own narrowness. *Id.* at 750–51, 98 S.Ct. at 3041. The narrowness of *Pacifica*'s holding was reiterated by the Court in *Bolger v. Youngs Drug Prod. Corp.*, 463 U.S. 60, 103 S.Ct. 2875, 77 L.Ed.2d 469 (1983). As the Second Circuit noted:

> *Bolger* thus singles out the broadcasting media as subject to a "special interest of the federal government in regulation" that "does not readily translate into a justification for regulation of other means of communication."

*Carlin Communications, Inc. v. FCC*, 749 F.2d 113, 120 (2d Cir.1984) (quoting *Bolger*, 463 U.S. at 74, 103 S.Ct. at 2884). *See also Cruz v. Ferre*, 755 F.2d 1415 (11th Cir. 1985) (*Pacifica* does not apply to cable television).

This narrow reading of *Pacifica* is consistent with Ninth Circuit precedent. "The First Amendment does not permit a flat-out ban of indecent as opposed to obscene speech; the adult population may not be reduced to 'hearing only what is fit for child.'" *Carlin Communications, Inc. v. Mountain States Tel. & Tel. Co.*, 827 F.2d 1291, 1296 (9th Cir.1987) (quoting *Butler v. Michigan*, 352 U.S. 380, 383, 77 S.Ct. 524, 526, 1 L.Ed.2d 412 (1957)), *cert. denied, —— U.S. ——*, 108 S.Ct. 1586, 99 L.Ed.2d 901 (1988).

While the government unquestionably has a legitimate interest in, *e.g.*, protecting children from exposure to indecent dial-a-porn messages, § 223(b) is not narrowly drawn to achieve any such purpose. Its flat-out ban of indecent speech is contrary to the First Amendment. *Mountain States Tel.*, 827 F.2d at 1296.

### OBSCENE SPEECH

On the other hand, obscene speech is unprotected by the First Amendment. *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Plaintiff does not argue against this well-established proposition. Rather, plaintiff contends that § 223(b) abolishes *Miller*'s community standard requirement and, in effect, establishes a single national standard, subjecting its dial-a-porn messages to the most puritanical standard that exists anywhere in the country. The Second Circuit has already addressed this contention and found it wanting:

> We are also unpersuaded by Carlin's remaining facial constitutional challenge to section 223(b). The statute does not create an impermissible national obscenity standard any more than do the federal laws prohibiting the mailing of obscene materials, or the broadcasting of obscene messages.

*Carlin Communications, Inc. v. FCC*, 837 F.2d 546, 561 (2d Cir.1988) (addressing pre-amended § 223(b)) (citations omitted). In light of this square holding (the amendment of § 223(b) does not affect the validity of the Second Circuit's analysis), the Court concludes that plaintiff cannot meet even the alternative test—that a serious question is raised. *American Motorcyclist Ass'n v. Watt*, 714 F.2d 962, 965 (9th Cir.

1983). More importantly, if a preliminary injunction were to issue, it would mean that plaintiff would be free to transmit obscene dial-a-porn messages. Beyond doubt the public interest would be disserved by such a preliminary injunction and effect on the public interest is a factor which the Court must consider. *Id.* at 967.

### SEVERABILITY

In view of these divergent conclusions on the two parts of § 223(b), the Court must next consider whether the "obscene" and "indecent" components of the statute are severable from each other—whether Congress would have enacted the one without the other. An unconstitutional provision is presumptively severable and that presumption should be applied. "Unless it is evident that the Legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as a law." *Regan v. Time, Inc.*, 468 U.S. 641, 653, 104 S.Ct. 3262, 3269, 82 L.Ed.2d 487 (1984) (White, J.) (citations omitted). *See also Brockett v. Spokane Arcades Inc.*, 472 U.S. 491, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985) (applying "normal" rule of severability to First Amendment case to sever "lust" from otherwise constitutional anti-obscenity statute). Here, no reason appears, certainly not at the preliminary injunction stage, not to apply the normal rule of severability.

### CONCLUSION

For the foregoing reasons, a preliminary injunction shall issue prohibiting enforcement of § 223(b) as to any communication alleged to be "indecent." The motion for a preliminary injunction is otherwise denied.