**Jack Ray CULBERTSON, Appellant,**

v.

**STATE OF CALIFORNIA, Appellee.**

**No. 21675.**

United States Court of Appeals Ninth Circuit.

Oct. 23, 1967.

Harry Ellman, Melvyn Steim, San Diego, Cal., for appellant.

Edward T. Butler, City Atty., Kenneth .Lounsberry, San Diego, Cal., for appellee.

Before MERRILL and ELY, Circuit Judges, and BYRNE, District Judge.

PER CURIAM:

In the Municipal Court of the San Diego, California Judicial District, appellant was convicted of violating section 311.2 of the California Penal Code.[1] The statute, in effect, proscribes the sale of obscene material. The appellant was the proprietor of a San Diego newspaper and magazine store. The charge and subsequent conviction rested upon his sale of a packet containing twelve photographs. Only one of the pictures was visible through the cellophane wrapping of the packet. After all California state court remedies had been exhausted, appellant filed his petition for writ of habeas corpus in the court below. This

---

1. "Every person who knowingly: sends or causes to be sent, or brings or causes to be brought, into this State for sale or distribution, or in this State prepares, publishes, prints, exhibits, distributes, or offers to distribute, or has in his possession with intent to distribute or to exhibit or offer to dis-

tribute, any obscene matter is guilty of a misdemeanor."

A preceding statute, section 311, provides, in part:

"(a) 'Obscene' means that to the average person, applying contemporary standards, the predominant appeal of the matter, taken as a whole, is to prurient interest, i. e. a shameful or morbid interest in nudity, sex, or excretion, which goes substantially beyond customary limits of candor in description or representation of such matters and is matter which is utterly without redeeming social importance."

* * * * *

"(e) 'Knowingly' means having knowledge that the matter is obscene."

appeal is from the District Court's denial of the petition.

We have examined the photographs in question. Each depicts four scantily clad women whose poses might be provocative to some. The pictures are not artistic, but we are thoroughly convinced that they are not "hard-core" pornography and that they do not, in their expression, go "substantially beyond customary limits of candor." See Redrup v. State of New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967); Jacobellis v. State of Ohio, 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964); Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). This was the view of the dissenting member of the three-judge California appellate court which affirmed the state court conviction, and we agree with it.

Upon remand, the District Court will grant the petition and direct that the appellant be discharged.

Reversed.