**UNITED STATES of America,**
**Plaintiff,**

v.

**77 CARTONS OF MAGAZINES bearing**
**miscellaneous titles, etc., Defendants.**

**Civ. No. 50433.**

United States District Court
N. D. California.

June 18, 1969.

Cecil F. Poole, U. S. Atty., Jerry K. Cimmet, Asst. U. S. Atty., San Francisco, Cal., for United States.

Stanley Fleishman, Hollywood, Cal., for defendants.

## MEMORANDUM FOR DECISION

OLIVER J. CARTER, District Judge.

The United States of America brought this action for the forfeiture of seized magazines pursuant to 19 U.S.C. § 1305. On October 13, 1968, the defendant magazines arrived in San Francisco, California, from Copenhagen, Denmark, aboard the Danish ship M/S SAMOA. The magazines were consigned to Den-Mark Distributors, Canoga Park, California. On October 23, 1968, the importer came forward to make entry of the magazines, which were then and there seized by officials of the Bureau of Customs. The seizure included 77 cartons of magazines which contained a total of 20,861 magazines.

On November 1, 1968, the District Director of Customs notified the importer by letter that the materials were considered obscene and were subject to detention. On November 5, 1968, the im-porter's attorney responded to this letter with an objection to the seizure of the magazines. On November 8, 1968, the matter was referred to the United States Attorney for the Northern District of California for a possible libel action. On December 4, 1968, the United States filed this action for forfeiture, at which time a letter was transmitted to the importer's attorney notifying him of the action taken.

On December 5, 1968, the magazines were taken into custody by the United States Marshal. On December 17, 1968, the Marshal published notice to persons claiming the articles to file a claim and say why the articles should not be condemned. After a series of correspondence with the United States Attorney's office, claimant Den-Mark Distributors filed their claim to the magazines and an answer to the complaint on January 14, 1969. On March 3, 1969, claimant filed a motion for summary judgment and notice thereof, which came on for hearing on April 21, 1969. In support of its motion, claimant argued that the materials seized were not obscene as a matter of law and that the provisions of 19 U.S.C. § 1305 were unconstitutional on their face and as applied. Said motion was denied on April 23, 1969, and the case was set for trial on May 5, 1969. Pursuant to stipulation by the parties, the trial date was continued to and held on May 15, 1969.

It is the decision of this Court that the magazines which are the subject of this action are obscene and that their forfeiture is consistent with the First Amendment of the United States Constitution.

██ Before going on to the question of obscenity, a determination must be made of the legality of the procedure by which the government has moved to have these magazines barred from importation. The safeguards necessary for a constitutional censorship system as set forth in Freedman v. State of Maryland, 380 U.S. 51, 58–59, 85 S.Ct. 734, 13 L. Ed.2d 649 (1965), may be summarized

as follows: 1) the burden of proving that the material is unprotected expression must rest on the censor; 2) final restraint is valid only by judicial determination and any prior restraint must be limited to preservation of the status quo for the shortest period compatible with sound judicial resolution; 3) the procedure must also assure a prompt final judicial decision. Thus, excessive delay in bringing the matter to a judicial determination is a bar to application of 19 U.S.C. § 1305. *E. g.*, United States v. One Book Entitled "The Adventure of Father Silas," 249 F.Supp. 911 (S.D.N.Y.1966).

■ This Court concludes that an adequate procedure is provided for and has been applied to the magazines in this case. See United States v. 392 Copies of Magazines "Exclusive", 253 F.Supp. 485 (Md.1966), aff., 373 F.2d 633 (4th Cir. 1967), rev'd per curiam on other grounds, Central Magazine Sales, Limited v. United States, 389 U.S. 50, 88 S.Ct. 235, 19 L.Ed.2d 49 (1967); United States v. 56 Cartons Containing 19,500 Copies of a Magazine Entitled "Hellenic Sun", 253 F.Supp. 498 (Md.1966), aff., 373 F.2d 635 (4th Cir.1967), rev'd per curiam on other grounds, 389 U.S. 47, 88 S.Ct. 233, 19 L.Ed.2d 46 (1967); United States v. One Carton Positive Motion Picture Film Entitled "491", 367 F.2d 889 (2d Cir.1966). In view of the fact that plain nudity magazines, not books or films, are involved in this case and that Customs procedures must be tested with reasonableness, no undue delay was committed in bringing these magazines to a prompt judicial determination of the legality of their importation.

■■ It is well-settled that obscenity is not protected by the First Amendment. *E. g.*, Landau v. Fording, 388 U. S. 456, 87 S.Ct. 2109, 18 L.Ed.2d 1317 (1967). The only question is how the standards of obscenity are to be applied. See Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966). The constitutional limit of allegedly obscene material is that defined in the tripartite test announced in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L. Ed.2d 1498 (1957). Therefore, the magazines in this case may be barred from importation if and only if the following three elements coalesce: 1) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; 2) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and 3) the material is utterly without redeeming social value. Central Magazines Sales, Ltd. v. United States, 389 U.S. 50, 88 S.Ct. 235, 19 L.Ed.2d 49 (1967); Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967); A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Atty. Gen. of Com. of Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966); United States v. A Motion Picture Film Entitled "I Am Curious—Yellow", 404 F.2d 196 (2d Cir.1968); Culbertson v. California, 385 F.2d 209 (9th Cir.1967).

Before applying the *Roth* test, it should be noted that recent cases have indicated that an additional requirement may be necessary before magazines of this nature may be condemned as being obscene. In support of the proposition that the government must also show the methods by which and to whom the magazines will be offered commercially, such cases rely on Central Magazines Sales, Ltd. v. United States, *supra*, which cited Redrup v. New York, *supra*. See United States v. 127,295 Copies of Magazines, 295 F.Supp. 1186, 1189 (Md.1968). This concept has its origin in Redrup v. New York, *supra*, wherein the Supreme Court said 386 U.S. at page 769, 87 S.Ct. at page 1415:

"In none of the cases was there a claim that the statute in question reflected a specific and limited state concern for juveniles. See Prince v. Commonwealth of Massachusetts, 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645, * * * cf. Butler v. State of Michigan, 352 U.S. 380, 77 S.Ct. 524, 1 L. Ed.2d 412 * * * In none was

there any suggestion of an assault upon individual privacy by publication in a manner so obtrusive as to make it impossible for an unwilling individual to avoid exposure to it. Cf. Breard v. City of Alexandria, 341 U.S. 622, 71 S.Ct. 920, 95 L.Ed. 1233 * * * And in none was there evidence of the sort of 'pandering' which the Court found significant in Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31 * * *."

■■ It is true that commercial exploitation may be a crucial factor in the determination of obscenity cases. See Ginzburg v. United States, *supra.* However, the fact that other factors may be considered in applying the *Roth* test does not mean that the *Roth* test cannot be applied in appropriate cases without the presence of such factors. This Court's reading of *Redrup* does not indicate otherwise. See Redrup v. New York, *supra,* at 770–771, 87 S.Ct. 1414. To the contrary, *Redrup* apparently involved materials which in the first instance fell within the constitutional safeguards of *Roth* and could not be considered obscene without an additional showing of pandering, exposure to unwilling individuals, or exposure to minors. That is, these factors are not requisites to a constitutional finding of obscenity but are merely factors which may be considered in close cases where the material otherwise fails to meet the requirements of *Roth per se.*

It is therefore the conclusion of this Court that the *Roth* case supplies the standards which control this case and under that case, the magazines involved here are obscene. This Court finds it unnecessary to. add to the many discussions describing the difficulty and confusion that arise with application of the obscenity standards. See *e. g.,* Ginzburg v. United States, 383 U.S. 463, 480–481, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966) (Black, J. dissenting). It would suffice to say that it is this Court's responsibility as an inferior federal court to apply the standard as it exists, as best it can.

United States v. A Motion Picture Film Entitled "I Am Curious—Yellow," 404 F.2d 196, 200 (2d Cir.1968) (Friendly, J. concurring); United States v. 127,295 Copies of Magazines, *supra.*

■ The magazines before this Court are comprised of pictures of nude women in various poses and degrees of undress that have little significant differences. This Court acknowledges the fact that "nudist magazines are not obscene per se." Luros v. United States, 389 F.2d 200, 203 (8th Cir.1968). This is undoubtedly true because nudity can be portrayed in works which are not without redeeming social value, or in ways in which the dominant theme does not appeal to a prurient interest in sex, or in ways which are not patently offensive in light of contemporary community standards relating to the description of sexual matters. This was the case in Central Magazines, Ltd. v. United States, 389 U.S. 50, 88 S.Ct. 235, 19 L.Ed.2d 49 (1967), which involved magazines similar to those involved here. The distinction between the magazines involved in this case and in those involved in *Central* is a matter of degree. Here, the pictures display nude females in suggestive poses and depict the female sex organs without any restriction. This Court has no doubt that the material is utterly without redeeming social value. There is also no doubt that the material's dominant theme, which is in fact the only theme, appeals to and is intended to appeal to a prurient interest in sex. Application of the third standard is the only one which presents some difficulty. However, it is concluded that in view of what this Court finds to be contemporary community standards relating to the description or representation of sexual matters, the magazines here are patently offensive. To illustrate this, one of the magazines offered by claimant as previously approved (Defendants' Exh. K) is entitled "Pussy Cat". It is the Court's belief that the title would be far more accurate if the word "Cat" were deleted. It is the uniform and central emphasis of all of the magazines to por-

tray the feminine sex organ in various positions and attitudes. It is this central theme which makes all the exhibits, both plaintiff's and claimant's, offensive.

Claimant has called this Court's attention to two unreported cases in the United States District Court for the Central District of California, United States v. Three (3) Packages of Obscene Magazines (Civ. No. 68–25–F, Feb. 20, 1968) and United States v. 80 Cartons of Obscene Magazines (Civ. No. 68–480–IH, Apr. 30, 1968), in which magazines similar to those involved here were held to be not obscene. Nearly identical magazines were also held to be not obscene in United States v. 127,295 Copies of Magazines, *supra*. This Court admits there is little distinction between the magazines involved here and those involved in the three cases cited above. Claimant argues that this Court should apply the doctrine of collateral estoppel against the government and hold the magazines here not to be obscene. The Court rejects this argument because collateral estoppel is inappropriate in the area of obscenity law. Obscenity involves constitutional questions of law in an area in which apparent conflict among the lower courts is not unusual. Until a court decision by which this Court is bound to follow, holds magazines which depict nudity to the degree involved in this case not obscene as a matter of law, this Court is duty-bound to apply the law as announced by the Supreme Court in Roth v. United States, *supra*. In applying these standards the trial judge must independently weigh the evidence in the light of the standards. What other judges may think about the material in the magazines in question is for other judges. This judge has reviewed all of the magazines submitted and, applying the *Roth* standards, he finds them obscene.

Accordingly, IT IS HEREBY ORDERED that the magazines be forfeited and destroyed pursuant to 19 U.S.C. § 1305.