UNITED STATES of America,
Plaintiff,

v.

35 MM COLOR MOTION PICTURE
FILM Entitled "LANGUAGE OF
LOVE", 12 reels, 10,342 feet, English
and Finnish sound tracks, Defendant.

69 Civ. 5433 (MP).

United States District Court,
S. D. New York.

March 30, 1970.

See also D.C., 312 F.Supp. 1382.

---

Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, for the United States, by Michael C. Silberberg, New York City, of counsel.

Norman Annenberg, New York City, and Hofer, Levine & Rich, New York City, for claimants, by Arnold I. Rich, New York City, of counsel.

POLLACK, District Judge.

The government has seized a motion picture film produced in Sweden titled "Language of Love" sought to be imported and sues to be allowed to confiscate it as transgressing Section 305 of the Tariff Act of 1930, 19 U.S.C.A. § 1305. That statute prohibits importation of obscene or immoral articles.

The owners of the film ("claimants" hereafter) have appeared in the suit and have moved under the Federal Rules of Civil Procedure, alternatively, (i), for summary judgment in their favor dismissing the complaint under Rule 56 or, (ii), for a preliminary injunction under Rule 65(a) directing the government to release the film for public exhibition *pendente lite.*

Contending that the film is an educational vehicle, claimants assert that the motion picture is not obscene as a matter of law; and that the claimants have been denied constitutional due process by arbitrary confiscation of the film and unreasonable delay of the government and of the Court in acting with respect to the film. Claimants contend further that Section 305 is unconstitutional on its face because it effects a prior restraint on materials protected by the First Amendment, because it fails to give assurance of prompt administrative or judicial determinations, and because its provision affording the Secretary of the Treasury discretion in admitting noncommercial classics and works of established merit arbitrarily discriminates against commercial works in the same category.

Claimants' application for a preliminary injunction is grounded primarily on the contentions that seizure of the film has caused them substantial revenue losses and that the film, being of current interest, will depreciate in value with the passage of time due to the competition of other sexually explicit films.

"Language of Love" first arrived at the Port of New York from Sweden on September 16, 1969, as 11 reels and a separate sound tape. It was seized by the Regional Commissioner of Customs for Region 2 on October 2, 1969, and the United States Attorney for the Southern District of New York commenced an action for its forfeiture, 69 Civ. 4490, on October 14, 1969. The owners of the film, Unicorn Enterprises, Inc. and Swedish Film Productions filed a notice of claim to the film on October 28, 1969, and a verified answer on November 10, 1969. The claimants then requested that the film be returned to Sweden; they had determined that the separate sound tape was defective and decided to import a different print and sound track. Accordingly, on November 18, 1969, an order of dicontinuance was entered on the consent of the parties, providing that the film and tape be exported to Sweden without prejudice to the importation of a new print.

The second print, consisting of 12 reels with English and Finnish sound tracks, arrived on November 20, 1969 in New York and was seized by the Commissioner on December 4, 1969. The United States Attorney commenced the instant action on December 9, 1969; Unicorn Enterprises, Inc. and Swedish Film Productions filed a notice of claim on December 22, 1969 and filed their answer on January 5, 1970. The claimants brought on their instant applications by an order to show cause, which was signed on January 15 and heard on January 23, 1970. At the hearing, the government contended that there were triable issues of fact concerning the existence of redeeming social value in the film as well as concerning the intent of the presentation and dissemination of "Language of Love." See Ginzburg v. United States, 383 U.S. 463, 470, 86 S. Ct. 942, 16 L.Ed.2d 31 (1966); Milky Way Productions, Inc. v. Leary, 305 F. Supp. 288 (three-judge court S.D.N.Y. 1969), aff'd, 397 U.S. 98, 90 S.Ct. 817, 25 L.Ed.2d 78 (1970). The government's request for time to examine witnesses and documents was granted. The discovery mandated by the Court has proceeded reasonably and expeditiously. On several occasions the parties have

sought rulings which were made promptly by the Court. On March 20, 1970, the government advised the Court by letter that it had concluded its discovery. The Court has viewed the accused film. The government has demanded that the facts at issue be determined by a jury.

*Obscenity*

Even assuming an intent to produce and disseminate an educational film, occasional scenes have been infused into the work which to say the least raise a question of fact as to the overall purposes and effect of the film. Licensed education may not be perverted with interstitial obscenity.

This Court has said the following in a similar case where the issue of obscenity has been brought forward on a motion for summary judgment:

> Before a film can be held obscene, three elements must coalesce: "it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value." A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Massachusetts, 383 U.S. 413, 418, 86 S.Ct. 975, 977, 16 L.Ed.2d 1 (1966).
>
> As a general rule, the presence or absence of such elements pose fact questions to be submitted to a jury. However, the Supreme Court has held that the question of obscenity is ultimately a constitutional question and therefore the jury's findings do not have their usual conclusive effect. *See* Jacobellis v. Ohio, 378 U.S. 184, 188, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964); [United States v. A Motion Picture Film Entitled] "I Am Curious-Yellow", 404 F.2d 196, at 200 (2d Cir. 1968). The judge to whom a summary judgment motion is addressed, should, consequently, dismiss the complaint if no

triable issue of fact is raised on the question of obscenity.

> Where the Court is of the view that the accused film possesses a modicum of social value, summary judgment must be granted to the claimant. *See* "I am Curious-Yellow", *supra*; U.S. v. One * * * Film Entitled "491", 367 F.2d 889 (2d Cir. 1966). If on the other hand, issues of material fact are raised in respect of each of the three elements of obscenity, summary judgment on affidavits and exhibits is inappropriate and a trial of the issues is requisite.

United States v. A Motion Picture Film Entitled "Pattern of Evil", 304 F.Supp. 197, 201 (S.D.N.Y.1969).

In support of their motions, claimants have submitted the affidavits of the president of one of the corporate owners of the film and of the intended distributor. These recite that the film is a documentary dealing honestly with sexual problems. These businessmen do not claim to be experts and their self-interested opinions with respect to the social value of the film are inconclusive. The government has submitted no expert opinions on the film but contends that the motion picture itself raises substantial questions of fact under each of the *Memoirs* tests. The parties also dispute whether the Regional Commissioner of Customs made damaging admissions as to the social value of the film in a telephone conversation with one of claimants' attorneys. On this point at least a fact issue exists, though it is of dubious materiality in any event. United States v. Motion Picture Film Entitled "I Am Curious-Yellow", 285 F.Supp. 465, 470–471 (S.D.N.Y.1968), rev'd on other grounds, 404 F.2d 196 (2d Cir. 1968).

■ The Court finds that a substantial triable issue of fact exists as to each of the three elements of obscenity under the *Memoirs* test. Whether the extreme explicitness of the film affronts contemporary community standards and thus renders the motion picture patently offensive is, in the Court's opinion, clearly

a question for the jury. The Court also believes that despite the claim that the motion picture is a documentary relating to sexual problems, a jury might reasonably believe that this characterization is a mere cloak for a theme in fact appealing to a prurient interest in sex. Although the film contains matter of apparent scientific interest, the Court holds that a jury might fail to find a sufficient nexus between this matter and scenes of sexual activity such as would vitiate any redeeming social value inhering in the film. United States v. A Motion Picture Film Entitled "I Am Curious-Yellow", 404 F.2d 196, 201 (2d Cir. 1968) (Friendly, J. concurring). Furthermore, the Court believes that the parties should be afforded the opportunity of offering expert testimony on each of these issues, as well as evidence on the intended purposes of the film and of the means of dissemination and distribution, before making any final ruling on the legal issue of obscenity. See United States v. "Venus in Furs", 69 Civ. 3541 (S.D.N.Y. February 10, 1970).

*Unconstitutionality of Statute on Its Face and As Applied*

■■ This Court has previously rejected challenges to Section 305 made on the grounds that it effects an unconstitutional prior restraint and fails to assure prompt administrative or judicial determination of obscenity. There appears to be no reason to change the previous resolution of such issues. United States v. A Motion Picture Film Entitled "Pattern of Evil", 304 F.Supp. 197 (S.D.N.Y.1969). The Court also holds that the provision in Section 305 vesting the Secretary of Treasury with discretion to admit "so-called classics or books of recognized and established literary or scientific merit" only when imported for noncommercial purposes is not an invidious discrimination against such matter imported for commercial ends. Cf. Korematsu v. United States, 323 U.S. 214, 65 S.Ct. 193, 89 L.Ed. 194 (1944). Obviously, matter protected by the First Amendment must be admitted. The proviso applies only to matter which is obscene or immoral. Certainly, it is perfectly rational to distinguish between obscenity imported purely as a matter of literary or scientific interest, which is likely to reach a limited, sophisticated audience, and obscenity imported for commercial exploitation, which will reach a wider audience and which is far more likely to have the effects against which Congress has legislated.

The lengthy recitation of the history of the film's importation given above, sufficiently indicates absence of delay and that any time lag denominated delay herein has been due to the claimants' desire to re-import a new print and is in no way chargeable to the government or Court. The finding that triable fact issues exist as to the obscenity of "Language of Love" indicates that the Commissioner's decision to proceed against it was not arbitrary.

Accordingly, claimants' motion for summary judgment dismissing the complaint is in all respects denied.

*Preliminary Injunction*

A careful reading of the affidavits submitted in support of claimants' application for an order directing that the government release the film for exhibition pending final determination of this suit reveals that the allegations of irreparable injury are totally conclusory and without substantial basis.

■ The Court takes judicial notice that sexual problems and their resolution—if this is indeed the subject [and object] of the film—comprise a topic of abiding interest among American film audiences; there is no indication that interest in the topic is likely to wane. It is difficult to believe that saturation with films of sexual explicitness will soon occur, or that claimants will either sustain or be unable to recoup any financial losses occasioned by delay if the film is eventually admitted.

In any event, the remedy for delay is prompt adjudication and this case can be tried on a reasonably expeditious basis.

Balancing the conveniences of the parties, the public interest against the dis-

semination of offensive, non-protected matter and the availability of a prompt trial, the Court denies claimants' application for a preliminary injunction in all respects.

The foregoing shall constitute the Court's findings of fact and conclusions of law. Rule 52(a), Fed.R.Civ.P.

So ordered.