**UNITED STATES of America,
Plaintiff,**

v.

**35 MM COLOR MOTION PICTURE FILM ENTITLED "LANGUAGE OF LOVE", 12 reels, 10,342 feet, English and Finnish sound tracks, Defendant.**

**No. 69 Civ. 5433 (MP).**

United States District Court,
S. D. New York.

May 21, 1970.

See also D.C., 311 F.Supp. 108.

Whitney North Seymour, Jr., U. S. Atty., S. D. New York, for plaintiff, by Michael C. Silberberg, and David Paget, New York City, of counsel.

Hofer, Levine & Rich, New York City, for claimants, by Arnold I. Rich, New York City, of counsel, and Ephraim London, New York City (Trial Counsel for claimants).

## OPINION

POLLACK, District Judge.

The advisory[1] jury reported that the film involved herein is an appeal to prurient interest, an offensive affront to contemporary community standards and utterly without redeeming social importance and value.[2] Motions are now made for a directed verdict for the claimants, for a new trial and for a stay of the judgment.

■ To prevent harm to others, the purveyors of obscenity are by statute[3] deprived of the opportunity of free expression thereof. The Constitution does not protect obscenity.[4] A society may protect its citizens from public assault by motion pictures that are deeply disturbing, vulgar displays whose fundamental effect and purpose is an appeal to prurient interest without social value.[5] The cloak[6] denominated "educational value" will not save such motion pictures when the educators have been used, as here was done, to put a gloss, albeit a lengthy one,[7] on contraband. The business promoters of this type of display may not inflict it on the public at large. In my opinion, the outermost constitutional limit of free speech has finally been exceeded by the brinkmanship of this film.

■ Implicit in the jury's verdict is a finding, with which the Court agrees, that the producers of the film intended the commercial exploitation of prurient (a pathological) interest in viewing audiences.[8] The educators utilized to supply the discussion scenes did not author the scenes of sexual depiction. In fact, one of the educators testified that when she

1. The question of whether matter claimed to be obscene is protected by the First Amendment is a question of law to be decided by the Court. Jacobellis v. Ohio, 378 U.S. 184, 187–190, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964); United States v. A Motion Picture Film Entitled "I Am Curious-Yellow", 404 F.2d 196, 199 (2d Cir. 1968) (hereafter "Curious-Yellow").

2. A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Massachusetts, 383 U.S. 413, 418, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966).

3. The confiscation which the government seeks to effect herein is pursuant to Section 305 of the Tariff Act of 1930, 19 U.S.C. § 1305 (1964), which prohibits the importation of obscene or immoral articles; 18 U.S.C. § 1461 (1964) prohibits the mailing of obscene matter and imposes criminal penalties for violations.

4. Roth v. United States, 354 U.S. 476, 481–485, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957).

5. Congress recently evinced its continuing concern over obscenity and pornography, and the possible causal relationship between such matter and anti-social behavior, in providing for the establishment of a national Commission to study this subject. See Pub.L.No. 91–74, § 1 (Sept. 29, 1969), 83 Stat. 123.

6. Friendly, C. J., concurring in "Curious-Yellow", 404 F.2d at 201, acknowledged that a sufficient nexus must exist between scenes of sexual depiction and material thought to have social value, to redeem a film from the charge of obscenity. See Lumbard, C.C.J., dissenting in "Curious Yellow", 404 F.2d at 203.

7. The "enormous visual impact of a motion picture" can render even relatively brief sexual portrayals offensive. "Curious-Yellow", 404 F.2d at 203 (Lumbard, C.C.J., dissenting); cf. United States v. One Carton Positive Motion Picture Film Entitled "491", 367 F.2d 889, 907 (2d Cir. 1966) (Lumbard, C.C.J., dissenting); Freedman v. Maryland, 380 U.S. 51, 61, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965); Landau v. Fording, 245 Cal.App.2d 820, 54 Cal.Rptr. 177 (1966), aff'd per curiam, 388 U.S. 456, 87 S.Ct. 2109, 18 L.Ed.2d 1317 (1967).

8. Evidence was properly admitted on the trial herein, going to the manner of presentation and dissemination of the motion picture in issue. Such evidence is relevant in "determining whether social importance claimed for material in the courtroom was, in the circumstances, pretense or reality—whether it was the basis upon which it was traded in the market place or a spurious claim for litigation purposes." Ginzburg v. United States, 383 U.S. 463, 470, 86 S.Ct. 942, 947, 16 L.Ed.2d 31 (1966); Milky Way Productions, Inc. v. Leary, 305 F.Supp. 288, 294 (S.D.N.Y.1969, three-judge court), aff'd, 397 U.S. 98, 90 S.Ct. 817, 25 L.Ed. 2d 78 (1970).

**1384**

saw the latter, she felt disturbed "from the aesthetical point of view". She objected to at least two scenes about genital organs in motion and requested that they be frozen into still portrayals. However, the pruning was hardly sufficient to bring the film as a whole within bounds of permissible expression. It is a fair inference that the educators were employed to garnish the sexual portrayals and were pawns in a scheme to exploit morbid curiosity in offensive displays of nudity and sexual acts.

Most of the legal points raised by the claimants have been answered heretofore. United States v. 35 MM Color Motion Picture Film. Entitled "Language of Love", 311 F.Supp. 108 (S.D.N.Y. 1970).

Additional points were disposed of at the trial and those now made and not already covered are lacking in merit.

Motions denied.

So ordered.