444 F.2d 80
 UNITED STATES of America, Plaintiff-Appellee,
v.
77 CARTONS OF MAGAZINES bearing miscellaneous titles, Including "Paris Pigalle Stripper," "Paris Strip Teaser," "Mini-Paris Strip Teaser," "French Wildcats," "Strip Tease Follies," Defendant-Appellant.
 No. 24676.
 United States Court of Appeals, Ninth Circuit.
 June 2, 1971.
 
 Peter Jay Marx (argued), Stanley Fleishman, Hollywood, Cal., for defendant-appellant.
 Larry Butcher (argued), Robert G. Mahony, Attys., Will Wilson, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., James L. Browning, Jr., U. S. Atty., Jerry K. Cimmet, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.
 Before MERRILL, KOELSCH and WRIGHT, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a judgment of the district court, 300 F.Supp. 851, adjudging that magazines seized by customs officials were obscene and should be forfeited and destroyed pursuant to 19 U.S.C. § 1305. After oral argument, we withheld submission pending determination of United States v. Thirty-Seven (37) Photographs, Milton Luros, Claimant. Pursuant to the decision of the Supreme Court in that cause, rendered May 3, 1971, 402 U.S. 363, 91 S. Ct. 1400, 28 L.Ed.2d 822, we reverse.
 
 
 2
 The pertinent facts are not in dispute, the claimant being in disagreement with the district court's conclusions that (1) the forfeiture proceedings were timely instituted and (2) the magazines seized were obscene. We do not reach the latter point, being convinced that the trial court was in error on the first.
 
 
 3
 The district court's findings reflect the following sequence of events:
 
 
 4
 On October 13, 1968, the magazines arrived in San Francisco from Denmark aboard a Danish ship, consigned to a distributor in Canoga Park, California.
 
 
 5
 On October 23, 1968, the importer came forward to make entry of the magazines, which were then seized by customs officials. The seizure included 77 cartons containing 20,861 booklets with erotic titles and photographs of nude females in suggestive poses.
 
 
 6
 On November 1, 1968, the District Director of Customs notified the importer by letter that the materials were considered obscene and were subject to detention. On November 5, counsel for the importer replied with a formal objection.
 
 
 7
 On November 8, 1968, the matter was referred to the United States Attorney for a possible libel action.
 
 
 8
 On December 4, 1968, the government filed this action for forfeiture and on the following day the magazines were taken into custody by the marshal. There followed the usual notices, correspondence, motions and trial. Judgment was entered on July 30, 1969.
 
 
 9
 In United States v. Thirty-Seven (37) Photographs, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822, the Court noted that 19 U.S.C. § 1305(a) does not contain explicit time limits within which resort to the courts must be had and judicial proceedings be completed. The opinion continued:
 
 
 10
 "Our researches have disclosed cases sanctioning delays of as long as 40 days and even six months between seizure of obscene goods and commencement of judicial proceedings. See United States v. 77 Cartons of Magazines, 300 F.Supp. 851 (N.D.Cal. 1969); United States v. One Carton Positive Motion Picture Film Entitled `491,' 247 F.Supp. 450 (S.D.N.Y.1965), rev'd on other grounds, 367 F.2d 889 (C.A.2 1966). Similarly, we have found cases in which completion of judicial proceedings has taken as long as three, four, and even seven months. See United States v. Ten Erotic Paintings, 311 F.Supp. 884 (Md. 1970); United States v. 35 MM Color Motion Picture Film Entitled `Language of Love,' 311 F.Supp. 108 (S. D.N.Y.1970); United States v. One Carton Positive Motion Picture Film Entitled `491,' supra. We conclude that to sanction such delays would be clearly inconsistent with the concern for promptness that was so frequently articulated during the course of the Senate's debates, and that fidelity to Congress' purpose dictates that we read explicit time limits into the section. * * *
 
 
 11
 "* * * Accordingly, we construe § 1305(a) to require intervals of no more than 14 days from seizure of the goods to the institution of judicial proceedings for their forfeiture and no longer than 60 days from the filing of the action to final decision in the District Court." 401 U.S. at 1407, 91 S.Ct. at 1400.
 
 
 12
 The government does not explain or justify the delay that has characterized this proceeding from the time of seizure to institution of the action.
 
 
 13
 Reversed and remanded to the district court with instructions to dismiss the libel.