(No. 39181.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CHARLES KIMMEL, Appellant.

*Opinion filed September 23, 1966.*

HOWARD T. SAVAGE, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and KENNETH L. GILLIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

At a jury trial in the circuit court of Cook County Charles Kimmel was found guilty of selling an obscene book, in violation of section 11—20 of the Criminal Code (Ill. Rev. Stat. 1965, chap. 38, par. 11—20). He was fined the sum of $2000 and placed on probation for a period of three years. He appeals directly to this court contending that the material is within the range of constitutionally protected expression.

The book is entitled "The Sex Addicts" and tells of a vacation cruise to tropical islands during which the hero and his cabin-mate engage in a series of sexual exploits with various girls they met aboard the ship. The hero has sexual intercourse with several female acquaintances in succession. He finally finds himself falling in love with one of two sisters, with whom he and his roommate had had a "four-way affair" in the girls' cabin, including an exchange of partners. The roommate is portrayed as a man obsessed with the urge to make new conquests who cannot be satisfied with the same girl more than once. The hero was left with the two sisters, and before ending up with the girl of his choice he has relations with both. The book contains the suggestion that the roommate, with his compulsive urge to move from one conquest to another, is mentally ill and ought to see an analyst.

The controlling rules in this kind of case were recently set forth and discussed in *City of Chicago* v. *Universal Publishing and Distributing Corp.*, 34 Ill.2d 250, and need not be repeated in detail here. To lose the constitutional protection of free press the material must appeal only to a prurient interest—*i.e.* a morbid interest in sex—and must go substantially beyond customary limits of candor in the description or representation of it. Before a book can be classed as obscene so as to fall outside constitutional protections it must be patently offensive and without any re-

deeming social importance. The application of such necessarily vague standards can become extremely difficult in marginal cases, but we think the material in the case at bar, under the constitution as construed by the United States Supreme Court, (see *e.g. Grove Press, Inc.* v. *Gerstein,* 378 U.S. 577, 12 L. Ed. 2d 1035,) can hardly be denied protection. True, the cover of this paperback book is rather blatant in suggesting illicit sexual conduct, as are the title and descriptive remarks. And the contents consist principally of a more or less continuous account of sexual engagements and the preliminaries. But there is little violence and none of the descriptions of perverted behavior of the sort portrayed, *e.g.,* in the books held obscene in *People* v. *Sikora,* 32 Ill.2d 260. The acts of intercourse are not described in detail, so as to exceed the limits of contemporary candor in such matters, nor do we find repulsive and disgusting language of the kind given protection in *Grove Press, Inc.* v. *Gerstein,* 378 U.S. 577.

Publication of the book questioned in the case at bar would obviously be unjustified on any conceivable basis of literary merit although it might be said to deal, to a very slight and superficial extent, with a common social problem. But as it was pointed out in *City of Chicago* v. *Universal Publishing and Distributing Corp.* 34 Ill.2d 250, sex is not synonymous with obscenity, and its portrayal is not of itself sufficient reason to deny the constitutional protection of freedom of speech and press.

In view of our conclusion that the book is not obscene it is unnecessary to consider defendant's other contentions. The judgment is reversed.

*Judgment reversed.*