(No. 43744.—

THE CITY OF MOLINE, Appellant, v. LARRY WALKER, Appellee.

*Opinion filed September 30, 1971.*

JOHN DONALD O'SHEA, of Moline, for appellant.

STANLEY J. LIPCZYNSKI, of Moline, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

The defendant, Larry Walker, was arrested and charged on three different occasions in April, 1970, with selling books in violation of the obscenity ordinance of the City of Moline. Counsel for the defendant filed an identical motion to dismiss each of three complaints.

Apparently, the cases were consolidated for the purpose of hearing the motions, and initially, all three motions were denied. Upon rehearing, the court entered identical orders dismissing all of the complaints, wherein it found and ordered:

"1. That the City of Moline is unlawfully trying to limit the matters that citizens may read.

2. That the sale of obscenity to an adult is now within the protection of the First Amendment.

IT IS THEREFORE ORDERED, that the Complaints of the City of Moline, Illinois be dismissed, and that the defendant be discharged and his bail be returned."

The City has appealed the dismissal of the complaints, which are consolidated here in one appeal.

Threshold questions emerge in that the defendant's

counsel denies that the court ruled the ordinance in question unconstitutional, and asserts that the orders of dismissal appealed from were not final and appealable. While the orders did not specifically find the ordinance unconstitutional, nevertheless, the intent and meaning of the findings can be construed in no other way, and they were final and appealable. *(Village of Niles v. Szczesny, 13 Ill.2d 45, 47, 48.)* Consequently, the jurisdiction of this court was properly invoked.

The defendant attacks the constitutionality of that section of the ordinance which defines obscenity. It provides:

"Section 2. A thing is obscene for purposes of this Ordinance when to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interests; that is,

a) That the dominant theme of the material taken as a whole appeals to a prurient interest in sex, and

b) The material is patently offensive because it affronts contemporary community standards relating to the description or representation of the sexual nature, and

c) The material is utterly without redeeming social value."

He asserts that this definition is faulty because it omits three additional criteria enunciated in *Redrup v. New York, 386 U.S. 767, 769, 18 L.Ed.2d 515, 517, 87 S.Ct. 1414,* to-wit: "In none of the cases was there a claim that the statute in question reflected a specific and limited state concern for juveniles. See Prince v. Massachusetts, 321 U.S. 158, 88 L.Ed. 645, 64 S.Ct. 438; cf. Butler v. Michigan, 352 U.S. 380, 1 L.Ed.2d 412, 77 S.Ct. 524. In none was there any suggestion of an assault upon individual privacy by publication in a manner so obstrusive as to make it impossible for an unwilling individual to avoid exposure to it. Cf. Breard v. Alexandria, 341 U.S. 622, 95 L.Ed. 1233,

71 S.Ct. 920, 35 A.L.R.2d 335; Public Utilities Comm'n v. Pollak, 343 U.S. 451, 96 L.Ed. 1068, 72 S.Ct. 813. And in none was there evidence of the sort of 'pandering' which the Court found significant in Ginzburg v. United States, 383 U.S. 463, 16 L.Ed.2d 31, 86 S.Ct. 942."

In *United States v. Reidel, 402 U.S. 351, 28 L.Ed.2d 813, 91 S.Ct. 1410,* the Supreme Court rejected the very restrictions which the defendant insists must be incorporated in statutory definitions of obscenity. There the defendant had been indicted under section 1461 of Title 18, U.S.C., which prohibits the knowing use of the mails for delivery of obscene matter. The defendant challenged the constitutionality of the statute on the grounds that it failed to protect distribution of obscene materials to willing recipients, who state they are adults. In upholding this statute, the United States Supreme Court distinguished its earlier decisions of *Roth v. United States, 354 U.S. 476, 1 L.Ed.2d 1498, 77 S.Ct. 1304,* and *Stanley v. Georgia, 394 U.S. 557, 22 L.Ed.2d 542, 89 S.Ct. 1243,* which the defendant herein has cited and which are relevant to our determination of the issue at bar. The court, in *Reidel,* stated at 402 U.S. 351, 355: "The District Court gave *Stanley* too wide a sweep. To extrapolate from Stanley's right to have and peruse obscene material in the privacy of his own home a First Amendment right in *Reidel* to sell it to him would effectively scuttle *Roth,* the precise result that the *Stanley* opinion abjured. Whatever the scope of the 'right to receive' referred to in *Stanley,* it is not so broad as to immunize the dealings in obscenity in which *Reidel* engaged here—dealings which *Roth* held unprotected by the First Amendment."

In *Reidel* the court noted that the district court had ignored *Roth* and the express limitations of *Stanley,* had relied on the language of *Stanley* that "the Constitution protects the right to receive information and ideas \*\*\* regardless of their social worth," (394 U.S. at 564), and from these words had reasoned that "if a person has the

right to receive and possess this material, then someone must have the right to deliver it to him." Under this rationalization, the district court concluded that section 1461 could not be validly applied "where obscene material is not directed at children, or it is not directed at an unwilling public, where the material such as in this case is solicited by adults ***."

Mr. Justice Harlan, in his concurring opinion in *Reidel,* stated: "The Court today correctly rejects the contention that the recognition in *Stanley v. Georgia, 394 U.S. 557, 22 L.Ed.2d 542, 89 S.Ct. 1243 (1969),* that private possession of obscene materials is constitutionally privileged under the First Amendment carried with it a 'right to receive' such materials through any modes of distribution as long as adequate precautions are taken to prevent the dissemination to unconsenting adults and children." 402 U.S. at 357-58. Also see: *Gable v. Jenkins (D.C.Ga. 1969), 309 F. Supp. 998, 1000, 1001.*

The majority of the court in *Reidel* noted that changes in the law's involvement with obscenity where children are involved or where it is necessary to prevent imposition on unwilling recipients of whatever age "lies with those who pass, repeal, and amend statutes and ordinances." (402 U.S. at 357.) This language, in effect, overruled *Redrup* and leaves *Roth* intact without the *Redrup* restrictions.

We previously held a similar ordinance of the city of Blue Island, which defined obscenity, to be constitutional. *(People v. DeVilbiss, 41 Ill.2d 135.)* The Moline ordinance, with reference to its definition of obscenity, has merit over the Blue Island ordinance in that it incorporated the standard that the material must be "utterly without redeeming social value." In *DeVilbiss,* we noted that the Blue Island ordinance definition of obscenity was identical to that set forth in the Illinois statute. (Ill.Rev.Stat. 1967, ch. 38, par. 11—20(b).) It is evident that the Moline ordinance incorporates the obscenity standards established

in *Roth,* and we hold that the ordinance definition is constitutionally sufficient. See: *People v. Sikora, 32 Ill.2d 260.*

The defendant contends finally that he was not adequately apprised of the charges against him because the offending books were not attached to the complaints, although the complaints so stated, and, therefore, he could not prepare a defense. We note, however, that each complaint identified the offending publication with sufficient particularity to adequately inform the defendant of the nature of the charge against him. Furthermore, the complaints met the requirements for complaints based on ordinance violations as provided in section 1—2—9 of the Illinois Municipal Code. Ill.Rev.Stat. 1969, ch. 24, par. 1—2—9.

Under the constitutional criteria established in the United States and Illinois decisions cited herein, we conclude that the complaints filed by the City of Moline against the defendant properly stated a cause of action for the violation of the City's obscenity ordinance; and that the court erred in dismissing the three complaints. The orders of the court are, therefore, reversed, and the cause remanded.

*Reversed and remanded.*