THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES ROTA, Defendant-Appellant.

(No. 72-144;

Third District—February 9, 1973.

*Rehearing denied March 5, 1973.*

Howard T. Savage, of Chicago, for appellant.

David R. Berard, Assistant State's Attorney, of Joliet, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

James Rota, hereinafter referred to as the defendant, appeals from a conviction of the circuit court of Will County for the crime of obscenity which resulted from his sale of a book entitled "Abducted" in a concession owned and operated by him in the Bluebird Bus Depot in Joliet, Illinois. He was sentenced to pay a fine of $500 and $120 in court costs.

A more detailed summarization of the facts is that on the evening of September 4, 1968, a Donna Mangun entered the Bluebird Bus Depot in Joliet and selected a magazine from the defendant's concession stand entitled "Photoplay." She then asked the defendant if he had a book entitled "Candy", and upon receiving a negative reply she asked if any of the books in a stack near the cash register were good. The defendant then selected a book from the stack entitled "Abducted" and said it was just like the book "Candy" and that she would enjoy it. The defendant then rang up the sale, placed the book "Abducted" and the magazine "Photoplay" in a bag which Donna Mangun took with her when she departed from the concession stand. She kept the book overnight and the following day turned it over to the State's Attorney's office.

■■ The defendant first contends that since Donna Mangun, the purchaser of the book "Abducted" was not a juvenile her right to privacy was not violated and sale of the book is therefore constitutionally protected. More precisely stated it is the defendant's contention that obscenity

*vel non* is now constitutionally protected. Defendant relies on this position primarily on the case of *Redrup v. New York*, 386 U.S. 767, 87 S.Ct. 1414. We think that this contention of the defendant is without merit since this exact question was presented in the case of *People v. Penney*, 7 Ill.App.3d 191, 287 N.E.2d 220, and was disposed of by the reviewing court which stated as follows:

"Finally, we think that defendant's argument that under recent holdings of the United States Supreme Court the *Roth* decision has been modified to the extent that obscenity *vel non* is now constitutionally protected is without merit. Defendant relies, in this position, primarily on the case of *Redrup v. New York, supra,* and *Stanley v. Georgia* (1969), 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542. We previously noted that in the recent case of *United States v. Reidel, supra,* the Supreme Court reaffirmed the *Roth* case as the governing law in obscenity cases. As we also noted, the Illinois Supreme Court in *Ridens* and *Walker, supra,* interpreted *Reidel* as overruling the *Redrup* case, insofar as it modified the *Roth* standard for obscenity in any way. The *Roth* case clearly said that obscenity without more is without constitutional protection, and thus defendant's argument to the contrary otherwise must fail."

The defendant next argues that the book "Abducted" is not obscene as a matter of law under the standard laid down by the United States Supreme Court and as interpreted by the Illinois courts. In *Roth v. United States*, 354 U.S. 476 at 489, 77 S.Ct. 1304 at 1311, 1 L.Ed.2d 1498, obscenity was defined in the following terms:

"[W]hether, to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole, appeals to prurient interest."

Under this definition as elaborated in subsequent cases, three elements must coalesce. It must be established that (a) the dominant theme of the material taken as a whole appeals to the prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value. *People v. Penney*, 7 Ill.App.3d 191, 287 N.E.2d 220.

Our Illinois statute has incorporated the standards of *Roth* for the purpose of defining obscenity. Chapter 38, Paragraph 11-20(b), Illinois Revised Statutes 1967, provides:

"(b) Obscene defined.

A thing is obscene if considered as a whole, its predominant appeal is to prurient interest, that is a shameful or morbid interest in nudity, sex or excretion, and if it goes substantially beyond

customary limits of candor in description or representation of such matters. A thing is obscene even though the obscenity is latent as in the case of undeveloped photographs."

The defendant argues that the holding in the *Roth* case has been modified by the decision in *Redrup v. New York*, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515, and an examination of *Redrup* does disclose that additional criteria in addition to those set out in *Roth* were required to be present in order to make a constitutional determination of whether or not certain material could or should be found to be obscene. However, we need not concern ourselves with the additional criteria set forth in *Redrup* since the case of *United States v. Reidel*, 402 U.S. 351, 91 S.Ct. 1410, has settled any ambiguity that may have existed by reestablishing the *Roth* standards for making a constitutional determination of what is or what is not obscenity. In *Reidel* the court stated:

"Roth has not been overruled. It remains the law in this court and governs this case."

The Illinois Supreme Court expressly adopted this interpretation as to the effect of the *Reidel* case in the case of *City of Moline v. Walker*, 49 Ill.2d 392, 274 N.E.2d 9, in which case our Supreme Court speaking of *Reidel* stated:

"The majority of the court in *Reidel* noted that changes in the law's involvement with obscenity where children are involved or where it is necessary to prevent imposition on unwilling recipients of whatever age 'lies with those who pass, repeal, and amend statutes and ordinances'."

This language can only have the effect of overruling *Redrup* and thereby leaves *Roth* intact without the extra criteria or restrictions of *Redrup*. See *People v. Penney*, 7 Ill.App.3d 191, 287 N.E.2d 220.

■■ We must therefore make our determination as to whether or not the book "Abducted" is obscene in accordance with the standards set forth in *Roth* and which were adopted in the case of *Walker*. In making this determination we are required to make an independent constitutional judgment. *Jacobellis v. Ohio*, 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 792; *People v. Penney*, 7 Ill.App.3d 191, 287 N.E.2d 220; *City of Chicago v. Kimmel*, 31 Ill.2d 202, 201 N.E.2d 386.

The book "Abducted", printed in what is known as a paperback, centers around two principal characters, a Paul Mason, whose occupation and background is never disclosed, and a female named Cindy between the age of 17 to 20 years whose occupation and background is also never divulged. There is a total failure in the book to provide any character delineation for either Paul or Cindy. The plot, if one can be charitable enough to admit of one being present, evolves around Cindy and a 14

year old cousin named Katie being abducted by three escaped inmates from an insane asylum and Paul's recognition on the last page of the book after his rescue of Cindy that he does in fact love her. It is generous to concede that a plot is present since it is so well hidden and overshadowed by an innumerable number of vividly described sexual and/or violent episodes which run the gamut of deviate sexual conduct and sadism. Included in the many described encounters were cunnilingus, mutual masturbation, fellatio, rape, anal intercourse, lesbianism, voyeurism and proposed bestiality. Also described in the book is an axe murder and the death of the 14 year old Katie by the slicing of her body after insertion of a knife in her vagina.

While the book is replete with sexual activity, there is nothing in it that would impart to anyone directly or indirectly any information or guidance concerning any worries or concern which may be prevalent in regard to present day violence in society or any sexual malfunctioning which many believe to be in existence in our present day society. The book is merely descriptive of scenes and activities. It lays no basis as to why they are taking place as far as the character and psychological motivation of the parties are concerned. It is for these reasons that the books entitled "Candy", "Lady Chatterly's Lover", "Portnoy's Complaint" and others, even though charged with sexual activity, are distinguishable from the book we are considering in the instant case. We note that the defendant attempts to equate the book "Abducted" with a book entitled "The Sex Addicts" which was held not to be obscene in the case of *People v. Kimmel*, 35 Ill.2d 244, 220 N.E.2d 203. Such an effort cannot prevail for our Supreme Court in the case relied upon by the defendant specifically found:

> "And the contents consist principally of a more or less continuous account of sexual engagements and the preliminaries. But there is little violence and none of the descriptions of perverted behavior of the sort portrayed, *e.g.*, in the books held obscene in *People v. Sikora*, 32 Ill.2d 260, 204 N.E.2d 768. The acts of intercourse are not described in detail, so as to exceed the limits of contemporary candor in such matters, nor do we find repulsive and disgusting language of the kind given protection in *Grove Press, Inc. v. Gerstein*, 378 U.S. 577, 84 S.Ct. 1909."

As we have previously stated we find an overabundance of perverted behavior, acts of violence and lurid descriptions of sexual encounters in "Abducted."

■■■ Based upon our statutory definition of obscenity as implemented by constitutional criteria, it is our conclusion that the book "Abducted" is obscene and without constitutional protection. We think its sole appeal

is to prurient interests. It is without any artistic or literary merit and totally devoid of any redeeming social value. We believe that our conclusion is supported by the cases of *City of Chicago v. Geraci*, 46 Ill.2d 576, 264 N.E.2d 153; *City of Blue Island v. DeVilbiss*, 41 Ill.2d 135, 242 N.E.2d 761; and *People v. Sikora*, 32 Ill.2d 260, 204 N.E.2d 768. In *Sikora* the court upheld the obscenity conviction arising out of the sale of the paper back books "Crossroads of Lust", "Lust Campus" and "Passion Bride" with the statement that:

> "It is not enough, in our opinion, to say that they are escapistic, and so serve a social function. Without their obscenity they would interest no one and would perform no function. All obscenity is essentially escapistic; it can not be allowed to justify itself on that basis."

We would apply the above language verbatim to the book involved in the instant case for without its obscenity no one would be interested in it.

■■ At the conclusion of the book "Abducted" there is an article approximately three pages in length written by a John E. Wright, Ph.D., entitled "Psychological Evaluation" which purports to place the contents of the book into some psychological perspective, but we cannot in any way conclude that because of such an article "the book possesses social importance" and therefore should be constitutionally protected. Obscene material cannot be protected by the employment of such a shallow subterfuge.

■■ Lastly, it is the contention of the defendant that the absence of a prior adversary judicial hearing and determination of the obscenity of the book "Abducted" renders the entire proceedings against the defendant in the trial court violative of the free speech and press and due process provision of the United States Constitution. We cannot concur in this contention of the defendant for the right to a "prior adversary hearing" in cases such as the one now before us has been well settled to the effect that the denial of such a hearing is not violative of constitutional protection. The rationale for such a holding is clearly set forth in the case of *People v. Penney*, 7 Ill.App.3d 191, 287 N.E.2d 220, and the cases cited therein.

For the reasons set forth we affirm the defendant's conviction for obscenity.

ALLOY, P. J., and DIXON, J., concur.